## The State of Kansas v. Barbra Haist.

INDICTMENT—*Misnomer of Defendant—Idem Sonans.* The names of "Barbara" and "Barbra" are *idem sonans,* and a plea in abatement to an indictment in which the defendant's name is spelled "Barbra," alleging that her true name is "Barbara," is not good. It is error to sustain such plea and quash the indictment.

*Appeal from Jackson District Court.*

AT the March term, 1893, *Barbra Haist* was indicted for violations of the prohibitory liquor law. On March 31, 1893, the defendant filed her plea in abatement, in which she

claimed that her name is "Barbara" Haist, and not "Barbra" Haist, as spelled in the indictment. To this plea the plaintiff filed a demurrer, claiming that the indictment should not be quashed for the reason that the name "Barbara" is spelled "Barbra" in said indictment. On the hearing of the plea in abatement and demurrer, the court sustained the plea, and quashed the indictment. Of this error *The State* complains.

*John T. Little*, attorney general, and *C. F. Hurrell*, county attorney, for appellant:

1. The state claims that the names are *idem sonans;* that the common pronunciation is practically the same, and that in common conversation the words are sounded the same.

In 16 Am. & Eng. Encyc. of Law, p. 122, ¶ 20, the doctrine of *idem sonans* is laid down as follows, to wit:

" The absence of a set of definite rules for the spelling and pronunciation of the names of persons, and more especially of surnames, has led the courts to the adoption of a principle known as 'the rule of *idem sonans.*' This rule may be stated to be, that absolute accuracy in spelling names is not required in legal documents or proceedings, either civil or criminal; that if the name, as spelled in the document, though different from the correct spelling thereof, conveys to the ear, when pronounced according to commonly-accepted methods, a sound *practically identical* with the sound of the correct name as commonly pronounced, the name as thus given is a sufficient designation of the individual referred to, and no advantage can be taken of the clerical error. In other words, it is sufficient in law to spell a name as it is regularly or commonly pronounced."

See cases cited in Am. & Eng. Encyc. of Law, under the above rule, to wit: *Wilkerson v. The State*, 13 Mo. 91; *The State v. Pullens*, 81 id. 387; *The State v. Haverly*, 21 id. 498 ; *The State v. Hutson*, 15 id. 512 or 343; *Gahan v. People*, 58 Ill. 160; *Barnes v. People*, 18 id. 52; *Boyce v. Danz*, 29 Mich. 146; *People v. Mayworm*, 5 id. 146; *Jackson v. The State*, 74 Ala. 26; *Aaron v. The State*, 37 id. 106; *Ward v. The State*, 28 id. 53; *Donnelly v. The State*, 78 id. 453; *The State v. Hare*, 95 N. C. 682; *The State v. Johnson*, 67 id. 55;

*Williams v. The State,* 5 Tex. App. 226; *Henry v. The State,* 7 id. 388; *Owen v. The State,* 7 id. 329; *Rowe v. Palmer,* 29 Kas. 337; *Rooks v. The State,* 83 Ala. 79; *Page v. The State,* 61 id. 16; *Spoonemore v. The State,* 25 Tex. 358; *Cleveland v. The State,* 20 Ind. 444; *Girons v. The State,* 29 id. 93; *The State v. Lincoln,* 17 Wis. 597; Maxwell, Code Pl., p. 75.

2. The case should have been proceeded with in accordance with §§ 223, 224, of the criminal code.

3. The omission of one letter in the defendant's name does not change the name, as commonly pronounced. Therefore, the substantial rights of the defendant could not have been prejudiced. Crim. Code, § 110.

*Hayden & Hayden,* for appellee:

The indictment does not charge the person who was arrested with the commission of any offense; the name "Barbra" Haist as used in the indictment is not the true name of the person arrested, and is not *idem sonans* with her true name, as disclosed by her plea in abatement. The word "Barbra" is not any known Christian name, and is a word of two syllables only; whereas the Christian name "Barbara" is an old-fashioned German name of three syllables. If the word "Barbra" is not *idem sonans* with the name "Barbara," then the plea in abatement was rightfully sustained. *Parchman v. The State,* 28 Am. Rep. 435; *Munkers v. The State,* 6 S. Rep. 357; 1 Whar. Cr. Pl. & Pr., § 423.

In the case of *Moynahan v. The People,* 3 Colo. 367, it was held that an indictment of "Fitz Patrick" for "Fitzpatrick" was bad.

On an indictment against "Donald," verdict and judgment cannot be rendered against "Donnell," although the names may have nearly the same sound. *Donnell v. United States,* 1 Morris (Iowa), 141.

If a mistake has been made in either the surname or Christian name, it may be taken advantage of by special plea in abatement. Whar. Cr. Pl. & Pr., § 97. "McDevro" and "McDero" are not *idem sonans. McDevro v. The State,* 5 S.

W. Rep. 133. "Joseph Spintz" and "Joseph Sprints" are not *idem sonans*. 5 Cr. Law Mag. 296, § 22; same case, 18 Fed. Rep. 377. "John Hemessey" and "John Hennessey" are not *idem sonans*. *Commonwealth v. Mehan*, 77 Mass. 321.

It is claimed on behalf of the state, that even if the defendant was indicted under a wrong name, she should, under § 224 of the criminal code, have been proceeded against under her true name. This might have been true had the county attorney asked the court to so proceed; but he did not suggest or request that the cause be proceeded with against the person arrested under her true name, in accordance with the provisions of the criminal code.

The opinion of the court was delivered by

ALLEN, J.: The defendant was indicted by the grand jury in Jackson county, and charged in 13 counts with divers violations of the prohibitory law. She was arrested, and thereafter filed her plea in abatement, alleging that her name is "Barbara," not "Barbra." The court sustained the plea in abatement and quashed the indictment. This was error. The names are *idem sonans*. The mere omission of the letter "a," which, in correctly pronouncing the name "Barbara," has but a very obscure sound, is too trifling an error in spelling to warrant the ruling of the court. Even if there had been a substantial mistake in the name of the defendant, the indictment should not have been quashed for that reason, but the case should have proceeded, in accordance with § 224 of the criminal code.

The orders of the court sustaining the plea in abatement, quashing the indictment and discharging the defendant will be reversed.

All the Justices concurring.