CHARLES W. HARRELL V. MARGARET NEEF. ·

No. 16,054.

SYLLABUS BY THE· COURT.

1. PARTIES—*Description in Notice of Publication—Idem Sonans.* In a notice by publication a defendant, whose name was Elizabeth D. Borthwick, was described as Elizabeth D. Bothwick. *Held,* that the names are *idem sonans* and the notice sufficient.

2. CONTRACTS—*Specific Performance—Abstract of Title—Evidence.* In an action to compel specific performance of a contract to purchase lands, where it devolves upon the plaintiff to show that she tendered an abstract of title, the abstract itself and *ex parte* affidavits accompanying the same for the purpose of proving who are the heirs of a deceased person are competent evidence showing the kind of abstract furnished.

3. MORTGAGES—*Execution under Decree for Specific Performance of Contract to Purchase.* Where a contract for the sale of real estate provides that the purchaser shall execute a mortgage to secure the purchase-price, and is silent with respect to the terms and conditions of the mortgage, it is proper for the court to provide in the decree for specific performance that the mortgage shall contain the usual terms and conditions of a real-estate mortgage.

4. SALES—*Abstract of Title—Specific Performance by Purchaser in Possession.* On the facts in this case, under the rule declared in *Dunn v. Mills,* 70 Kan. 656, the judgment decreeing specific performance is affirmed.

Error from Rawlins district court; WILLIAM H.
PRATT, judge. Opinion filed June 5, 1909. Affirmed.

*Fred Robertson,* and *H. McCaslin,* for the plaintiff
in error.

*J. P. Noble,* for the defendant in error.

The opinion of the court was delivered by

PORTER, J.: This is a suit to compel the specific per-
formance of a contract to purchase lands. The court
made separate findings of fact and conclusions of law.
The findings are that on the 12th day of February,
1906, the plaintiff, Margaret Neef, a widow, was the
owner of a half-section of land situated in Rawlins
county; that she was in the peaceable possession of the
same, and entered into a written contract with the de-
fendant by the terms of which she agreed to sell him .
the land for the sum of $3600. Of this sum $1200 was
to be deposited at once in the bank, to be paid to the
plaintiff when she furnished an abstract showing clear
title in herself and a sufficient warranty deed convey-
ing the land to defendant. The balance was to be paid
by a note due from and after date, with interest at the
rate of seven per cent. per annum, payable annually,
and secured by a first mortgage on the land. Posses-
sion was to be given on March 1, 1906.

The court found that in compliance with the contract
the defendant deposited the $1200 in the bank, and on
the first day of March took possession of the land and
has ever since continued in possession, enjoying the
rents and profits; that in due time, and before the com-
mencement of this action, the plaintiff tendered de-
fendant a good and sufficient warranty deed, in com-
pliance with the terms of the contract, and at the same
time tendered an abstract showing clear title in the
plaintiff and requested his acceptance of the same and
a compliance on his part with the contract; that the de-
fendant refused either to pay the $1200 or to execute

and deliver to the plaintiff the note and mortgage, as provided in the contract, or to accept the deed and abstract, and has ever since refused to perform his part of the contract. There is a further finding that upon defendant's refusal to perform, and before the commencement of the action, the plaintiff demanded possession of the land, which defendant refused; that plaintiff has performed all the terms and conditions of the same, and is entitled to a decree for specific performance. The court thereupon decreed specific performance. The defendant brings the case here for review.

One of the errors complained of is that the findings of fact are not supported by the evidence. The evidence is sufficient to support all the findings which we regard as material.

The principal claim made is that the court erred in admitting in evidence certain written evidence over the objections of the defendant. The plaintiff's title to the half-section of land was based upon a sheriff's deed in a proceeding to foreclose certain mortgages executed by Elizabeth D. Borthwick, the widow of Lorenzo D. Borthwick, the patentee of the land. At the time of the death of her husband Mrs. Borthwick became the owner of an undivided one-half of the land. The title to the other half rested in three children—Edward E. Borthwick, Frank H. Borthwick, and Elizabeth Slaven. Under an order of the probate court of Rawlins county Elizabeth D. Borthwick executed mortgages upon the entire half-section. These were foreclosed, resulting in the sheriff's deed to the plaintiff. It may be conceded that the proceedings in the probate court were irregular, and that the sheriff's deed only conveyed such interest in the land as Elizabeth D. Borthwick had. There were quitclaim deeds, however, from the other heirs to the defendant, which, with the deed from the plaintiff, conveyed full title, unless the foreclosure proceedings were defective for the reason that the pub-

lication notice described Elizabeth D. Borthwick by the name of "Bothwick" instead of "Borthwick." In our opinion the names are *idem sonans,* and the service was sufficient. (*Sparks v. Sparks,* 51 Kan. 195; *The State v. Haist,* 52 Kan. 35; *Armstead v. Jones,* 71 Kan. 142.)

In contending that the evidence does not support the finding that the plaintiff was the owner of the land it is argued that the court erred in admitting in evidence certain *ex parte* affidavits for the purpose of proving who were the heirs of Lorenzo D. Borthwick. The issue, however, was not whether the plaintiff owned the land as though she had brought an action in ejectment or to quiet title. The suit was to compel specific performance of a contract to purchase, by the terms of which plaintiff agreed to furnish defendant an abstract showing title in herself; the issue was whether she performed her part of the contract. To prove this the abstract tendered was competent, and the affidavits of heirship were as much parts of the abstract as the certificates or other statements contained in it. Of course, if she had been required to prove title in a case where that was the issue, neither this nor any other abstract of title nor any affidavit of heirship would have been competent for such purpose. The affidavits were not introduced to prove title in the plaintiff, but were parts of the abstract which the plaintiff tendered, and were as competent as any other portions of the abstract for the purpose for which they were offered.

The sheriff's deed was issued December 26, 1893, and the plaintiff remained in possession of the land under this deed from that date until she delivered possession to the defendant. This was almost fifteen years. Elizabeth D. Borthwick, after the foreclosure proceedings, married one James B. Avery, and died leaving him as one of her heirs. The defendant sought to introduce testimony for the purpose of showing that Avery contemplated bringing a suit to set up any rights

he might have in the land, based presumably on the alleged defect in the publication notice. There was no error in refusing to admit this testimony. As a matter of fact, he had no interest in the land, because the interest of Mrs. Borthwick had been foreclosed years before he became her husband.

It is argued that no sufficient tender of the abstract was proved, for the reason that the evidence shows that at the time the plaintiff claims to have made the tender the defendant was fifteen miles from town on the farm in question, and that he requested that he be given sufficient time to have the abstract examined by his attorney, which was refused. There is nothing in the contract which provides that the defendant shall have an opportunity to have the abstract examined by an attorney, and, according to its literal terms, if a good and sufficient abstract was in fact tendered him he was bound to accept it. The contract which the parties make governs. It might have provided that the abstract should be approved by the purchaser's attorney or that it be satisfactory to the purchaser himself. (*Hollingsworth v. Colthurst,* 78 Kan. 455, and cases cited in note to same case in 18 L. R. A., n. s., 741.) In terms it merely provides that the abstract shall be furnished at a certain time and shall show title in the vendor. But, conceding that the contract should be interpreted to allow the vendee reasonable time in which to examine the abstract, the defendant is not in a position to take advantage of the failure to afford him such opportunity. Plaintiff's right to specific performance can not be made to turn upon a technical question of this nature, in view of the issues which were raised by the pleadings and upon which the case was tried. The defendant does not rest his refusal to perform on the failure of the vendor to allow him time to examine the abstract, but contends that the abstract itself, upon a thorough examination, shows that the vendor's title is defective and that the court erred in holding the con-

Arkansas City v. Payne.

trary. We find nothing in this case to take it out of the well-settled rule that the purchaser of lands under an executory contract can not take and hold possession of the land under the contract and refuse to pay the purchase-price on the ground that the title is defective, in the absence of fraud, insolvency of the vendor or other special circumstances. (*Dunn v. Mills,* 70 Kan. 656.)

There was no objection made to the deed, abstract or title at the time of the offer, except that defendant requested time in which to have the abstract examined; nor did the defendant offer to rescind the contract or to surrender possession. It was proper for the court to decree that the mortgage to be executed by the defendant should provide for the payment of taxes by the mortgagor and should contain the usual terms and conditions of a real-estate mortgage, the contract itself being silent with respect thereto.

The judgment is affirmed.