REYNOLDS v. WHITE et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

1. VENDOR AND PURCHASER (§ 143*)—TITLE—MARKETABILITY—WAIVER.
    Where the sole objection of a purchaser to the title of the land raised on the law day, aside from the question of incumbrances, was specifically that the title to one of the parcels was unmarketable, because there was

no record title prior to 1871, he waived the objection that the bounds of the parcel were too indefinite, where the vendors might have removed that objection.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 269; Dec. Dig. § 143.*]

2. VENDOR AND PURCHASER (§ 341*) — TITLE—UNMARKETABILITY — BURDEN OF PROOF.

Where a purchaser rejects the title to land because of unmarketability, and sues to recover payments made, the burden is upon him to show the unmarketability.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1012; Dec. Dig. § 341.*]

3. VENDOR AND PURCHASER (§ 130*)—TITLE—MARKETABILITY.

In an action by a purchaser to recover payments made for land because of the unmarketability of a 2-acre piece, it appeared that, if the 2 acres lay within the parcel contracted for, the vendors' title thereto was derived by grant from B. in 1883, who received a deed covering the land from the executors of P. in 1872. It also appeared that the 2 acres were covered by a quitclaim deed from D. in 1876. D. had received a like deed in 1871 from A., wherein was recited the execution of a warranty deed from J. P. in 1828. There was no evidence that the quitclaim deed was essential to the title of B., and the vendors' undisturbed possession for 24 years was undisputed. The entire parcel contracted for consisted of about 69 acres, the price to be paid was by the acre, and the number of acres was to be determined by survey; and there was no proof that, if the 2 acres were not within the parcel contracted for, it would affect the aim of the purchaser in acquiring the parcel. *Held*, that if the 2 acres lay within the parcel contracted for the mere proof of the quitclaim deed to B. in 1876 did not make the title unmarketable, and if it lay outside the parcel contracted for no rejection would be justified.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 246, 256; Dec. Dig. § 130; Specific Performance, Cent. Dig. § 258.]

Appeal from Special Term, Nassau County.

Action by William H. Reynolds against William De Courcy White and others. Judgment for plaintiff, and defendants appeal. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and MILLER, JJ.

Benjamin N. Cardozo (E. W. Tyler, on the brief), for appellants.

Charles C. Clark (Martin W. Littleton and Frederick Allis, on the brief), for respondent.

PER CURIAM. Plaintiff's assignor and the defendants contracted for the purchase of defendants' realty in consideration of $1,200 an acre; the number of acres thereof being subject to survey, to be made by a person to be selected by the parties. The realty was described in the contract as being the premises described in certain specified deeds. It was further described as "Reservoir Park and Lynbrook Driving Park." On the law day the plaintiff rejected the title, and thereafter brought this action to recover payments on account of the purchase. The objections made to the title were that certain incumbrances were upon the land, and that one of the parcels described in a deed referred to in the contract was unmarketable, in that there was no record title prior to 1871.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The Special Term found that the liens did not constitute sufficient ground for the rejection; but, as that finding is not questioned by the respondent, it is not to be weighed on this appeal. The court found against the defendants, in that:

"The title to a two-acre strip of said land, tendered to plaintiff by the defendants was unmarketable, and the position of said strip in the entire body of land contracted to be conveyed could not be ascertained; its westerly boundary alone being ascertainable with anything like definiteness."

If the title to the two acres was marketable, and yet the two acres were within the entire body of land, it seems immaterial whether or not the boundaries of those particular two acres could be determined, in view of the fact that there does not appear any reason why such boundaries should be ascertained, then or thereafter. Moreover, as we have said, the sole objection raised on the law day, aside from the question of incumbrances, was specifically that the title was unmarketable, owing to the fact that there was no record title prior to 1871. If the objection as to the indefiniteness of the bounds of the two acres had been made on the law day, non constat that the defendants could not have met this point by the production of the data in the possession of the proposed witness, Delamater Denton, whose affidavit was submitted on the motion made by the defendants to reopen this case. The specific objection was a waiver of all others which, if made at the time, might have been removed. Higgins v. Eagleton, 155 N. Y. 466–472, 50 N. E. 287.

So far as these two acres are concerned, if they lay within the parcel contracted for, the defendants' title thereto was derived by grant from Bedell in 1883, who received a deed which covered this parcel from the executors of Pearsall in 1872. It appears that the parcel of two acres was covered by a quitclaim deed from Oliver Denton in 1876. Oliver Denton had received a like deed in 1871 from Abrams, wherein was recited the execution of a warranty deed to Abrams from J. Pearsall in 1828. The objection made was that this deed of 1828 was not of record. Assuming that that parcel of two acres was within this parcel, as the plaintiff showed that Bedell held the parcel by deed from G. Pearsall's executors in 1872, the mere proof of a quitclaim deed to the two acres made to Bedell in 1876 did not make the title unmarketable. There was no evidence offered that this quitclaim deed was essential to the title of Bedell, whose chain appears as from the executors of G. Pearsall by their said conveyance of 1872. The undisturbed possession of the defendants for 24 years was not disputed. It may be that the plaintiff could prove that the quitclaim deed was essential, and in that event another question might arise; but we do not find that he did so. We think that the burden to show the unmarketability of the title in this case was upon the plaintiff, and that he did not sustain it. Greenblatt v. Hermann, 144 N. Y. 13, 38 N. E. 966; Rosenblum v. Eisenberg, 123 App. Div. 896, 108 N. Y. 350.

If the 2 acres lay outside of the parcel covered by the conveyance, the proof fails to show that a rejection based upon that circumstance would have been justified. The entire tract consisted of about 69 acres. The price to be paid was per acre, and the number of acres was to be determined by survey. No proof was offered that, if these 2

acres were not within the parcel in contemplation, such circumstance would in any way affect the aim of the purchaser in acquiring the parcel.

The judgment must be reversed, and a new trial be granted; costs to abide the final award of costs.