THE GEO. H. PAUL COMPANY, *Appellant*, v. T. W. SHAW, *Appellee*.

No. 17,320.

SYLLABUS BY THE COURT.

1. CONTRACT—*Stipulation for Warranty Deed—Rights of Vendee*. Where a contract has been made for the sale of real property and its conveyance by warranty deed, the purchaser ordinarily has a right to insist that such deed shall be executed by the person with whom he contracted.

2. ——— *Warranty Deed—Tender—Specific Objections*. Where a vendor, as a performance on his part of a contract for the conveyance of real property, tenders a warranty deed from another person, the vendee, in order to avoid the effect of the tender on the ground that the deed does not include the warranty of the person with whom he contracted, must make that specific objection, and allow a reasonable opportunity for it to be met.

3. ——— *Specific Performance — Tender of Deed — Pleadings*. In an action by the vendor for the specific performance of a contract for the sale of real property, an allegation in the answer that the plaintiff has never tendered a deed executed by himself, is met by allegations in the reply that no previous objection had been made upon that ground to the deed which he had tendered, and that he had at all times been, and was still, able and willing to furnish such a deed.

Appeal from Sedgwick district court. Opinion filed December 9, 1911. Reversed.

*E. L. Foulke,* and *C. A. Matson,* for the appellant.
*R. L. Holmes,* and *Charles G. Yankey,* for the appellee.

Paul Co. v. Shaw.

The opinion of the court was delivered by

MASON, J.: The George H. Paul Company, a cor-
poration,. sued T. W. Shaw upon a promissory note.
Shaw answered alleging in substance, among other
things, that the note had been given as part payment
for a tract of land in Texas, under a written contract
by which the plaintiff had agreed to convey it to him,
giving a warranty deed and furnishing an abstract of
title, upon the execution of notes for the balance of the
purchase money; that he had been induced to enter
into the contract by false representations as to the
character of the property; that the plaintiff had failed
to comply with the terms of the contract in these re-
spects, among others: that the title was defective, that
the plaintiff did not own the property, and that the only
deed tendered was executed by a stranger to the con-
tract. A reply was filed which included a general
denial and allegations to the effect that the deed ten-
dered would have conveyed a merchantable title; that
the defendant made no objection to the deed or abstract
until the filing of his answer, but refused to examine
either; and that the plaintiff had at all times been, and
was still, able and willing to cause a deed to be made
to it by the owner of the land, and then to execute a
warranty deed to the defendant, and would have done
so if the defendant had so requested. Upon these
pleadings the court rendered judgment for the de-
fendant, and the plaintiff appeals.

The plaintiff understands that the trial court held
the contract to be void because the vendor had no title
to the property, and a reversal is asked upon the
strength of decisions that one who is not the owner of
real estate may make a valid agreement for its sale
and conveyance. (*Trust Co. v. McIntosh,* 68 Kan. 452,
75 Pac. 498; *Krhut v. Phares,* 80 Kan. 515, 103 Pac.
117; *Robertson v. Talley,* 84 Kan. 817, 115 Pac. 640;
29 A. & E. Encycl. of L. 667.)

The defendant, however, disclaims any reliance upon the proposition that the plaintiff committed a fraud in making the contract without at the time having the title. He defends the judgment by this reasoning: The contract called for a warranty deed from the plaintiff, and provided that if it failed to furnish a deed and abstract as specified, the defendant should be relieved of liability; the plaintiff tendered no deed except one made by another person; therefore it failed to perform its part of the agreement, and thereby lost all claim against the defendant.

The contract did not say in so many words that the plaintiff was to execute a deed; it did, however, recite that the plaintiff had sold and agreed to convey the land to the defendant, and by its terms the plaintiff agreed to "give" the defendant a warranty deed. This fairly implied that the deed was to be signed by the plaintiff, and gave the defendant a right to insist that however good the title might be upon the record or in fact, he should be protected against any subsequently developed defect by the personal guaranty of the plaintiff. (29 A. & E. Encycl. of L. 701.) But the objection to a deed that it is executed by one person rather than by another is of such a special character, and so readily remedied, that before a vendee can upon that ground justify the refusal of a tender, he should in fairness to the vendor call attention to the matter, make a specific requirement, and allow a reasonable opportunity for it to be met. It is said of such a situation in a headnote to *Bigler v. Morgan*, 77 N. Y. 312:

"An objection to the form of a deed, capable of being remedied if suggested, as that it does not contain covenants of warranty to which the grantee is entitled, is waived by failing to specify it when the deed is offered."

And in *Backman v. Park*, 157 Cal. 607, 108 Pac. 686, 688:

"The vendor entered into a contract to make a conveyance within a given time. She made tender of full

Paul Co. v. Shaw.

and complete title, and the tender was refused. True, the title tendered was not her own, and it is recognized that the vendee might have insisted upon title deraigned through the vendor. But their failure to object upon this ground was a waiver of the irregularity." (p. 613.)

Such an objection may not be absolutely waived by the failure to make it at the time a deed is tendered (*Linscott v. Moseman,* 84 Kan. 541, 114 Pac. 1088), but ordinarily it can be made available as a ground of rejecting a tender only when it has been seasonably suggested. This necessarily results from the principle underlying the familiar rule that he who assigns one reason for his conduct can not afterward justify it for another (*Redinger v. Jones,* 68 Kan. 627, 75 Pac. 997), which is often applied where specific objections have not been made to a proffered title (*Stevenson et al. v. Polk et al.,* 71 Iowa, 278, 32 N. W. 340; *Prichard v. Mulhall,* 140 Iowa, 1, 118 N. W. 43; *Papin et al. v. Goodrich et al.,* 103 Ill. 86; *Reynolds v. White,* 134 N. Y. Supr. Ct., App. Div., 248, 118 N. Y. Supp. 979; *Logan and wife v. Bull, &c.,* 78 Ky. 607; *Ballou v. Sherwood,* 32 Neb. 666, 49 N. W. 790, 50 N. W. 1131).

In such a situation as that here presented one who gives no reason at all for refusing a deed is in no better position than if he had given an untenable one. The plaintiff alleges that until the answer was filed it had received no notice of a requirement that the warranty deed it was to deliver should be one executed by itself. It at first demurred to the portion of the answer which alleged that the deed it had tendered was not of that character. The demurrer does not appear to have been acted upon, but in its reply, filed thirty-six days later than the answer, the plaintiff offered to procure title and execute a deed, and alleged that it had at all times been able and willing to do so. No definite time of performance had been fixed, and under the circumstances the offer to furnish the kind of deed suggested by the answer was made without unreasonable delay.

The omission to produce and tender such a deed was not important, especially in view of the fact that the deed was to be delivered in exchange for the deferred-payment notes, and that the defendant was contesting the enforcement of the contract upon other grounds.

It results from these views that the defendant's motion for judgment on the pleadings must be overruled. It should perhaps be added that the plaintiff can only recover on the theory that, considering its petition and reply together, its action is substantially one for the specific performance of the contract. It can not recover upon the note and retain full title to the land, whatever may be the attitude or conduct of the defendant. (*Linscott v. Moseman,* 84 Kan. 541, 114 Pac. 1088; 29 A. & E. Encycl. of L. 720.)

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.