No. 19,583.

PRESTON PARIS, *Appellee*, v. L. A. GOLDEN and E. G. GOLDEN, *Appellants*, and FRANCIS M. CLAUDEL, *Appellee*.

OPINION DENYING A REHEARING.

Appeal from Smith district court; RICHARD M. PICKLER, judge. Opinion denying a rehearing filed February 12, 1916. (For original opinion of reversal see 96 Kan. 668, 153 Pac. 528.)

*F. W. Mahin*, and *I. M. Mahin*, both of Smith Center, for the appellants.

*L. C. Uhl*, and *L. C. Uhl, jr.*, both of Smith Center, for the appellees.

The opinion of the court was delivered by

MASON, J.: A petition for a rehearing, containing a forcible presentation of the argument for the appellee, has been fully considered, but the court adheres to the view already expressed. A contention is pressed that a correct interpretation has not been placed upon the language of the petition in the action for specific performance, with regard to the kind of

title the plaintiff was willing to accept. The sentence in question reads:

"The plaintiff further alleges that on the said 1st day of March, A. D. 1906, he was ready, able and willing and has ever since been and still is able, ready and willing to perform all of the terms and conditions of said contract of sale upon his part and pay the full purchase price of said lands and accept a warranty deed conveying the title to the said lands and tenements of which the said defendant was seized on the 1st day of March, 1906, or such title as the defendant has in said above described premises at the time of the commencement of this action."

The contention is made that this means that the plaintiff was willing either (1) to accept a warranty deed conveying the title the defendant had on March 1, 1906; or (2) to accept [without qualification as to the character of deed to be given] such title as the defendant had when the action was begun. Such a reading may be consistent with the rules of grammar, but we do not think the language quoted, considered as a whole, is fairly to be given that construction. To us the obvious meaning seems to be that the plaintiff was willing to accept a warranty deed to such title as the defendant had, either on March 1, 1906, or when the action was begun. It indicated that in case the defendant should prove unable to make a perfect title the plaintiff elected to accept such as he had, notwithstanding any defects, rather than avail himself of his alternative right to treat the contract as broken, and ask damages for its breach, allowing the defendant to retain the land. It did not imply that the plaintiff voluntarily relieved the defendant from any of his legal obligations under his agreement.

Upon grounds set out in the original opinion we regard the case as not falling within the rule against splitting a cause of action, applied in *Naugle v. Naugle,* 89 Kan. 622, 132 Pac. 164. The present action is in effect upon a breach of warranty. If the defendant had paid his personal debt to Paris, or if for any reason it had not been enforced against the land, the plaintiff would have had no claim against him.

The petition for a rehearing is denied.