Gage v. Leslie.

No. 27,174.

G. R. Gage, *Appellee,* v. J. H. Leslie, *Appellant.*

SYLLABUS BY THE COURT.

1. Specific Performance — *Additional Relief — Rents and Profits — Computation of Period.* Where a contract for the exchange of properties is made which fixes the time when a conveyance is to be executed and possession given by the vendor, and which the vendor refuses to carry out, and the vendee is ready and willing to perform on his part, and where an action was brought by the vendee in which specific performance is decreed, the vendee is entitled to the rents and profits of the property from the time possession was to have been delivered according to the terms of the contract rather than from the time the decree was entered.

2. Deeds — *Acknowledgment — Effect of Omission of Wife's Name by Notary.* The fact that the deed to the land given by the vendee in payment of that agreed to be conveyed by the vendor, was defective, in that it did not have thereon the acknowledgment of the vendee's wife, the deed having been duly executed and acknowledged by both the vendee and his wife, but through a mistake of the notary public the name of the wife was omitted from the written acknowledgment, and where the vendee corrected the defect as soon as it was called to his attention, after which it was accepted by the vendor, the defect did not operate to defeat the right of the vendee to recover rents and profits from the time possession of the property was to have been delivered.

3. Judgments—*Matters Concluded—Specific Performance as Bar to Action for Rents.* In the action for specific performance the matter of the rents and profits was not pleaded nor litigated, and it is held that that action and the decree thereon is no bar to a later action by the vendee for the recovery of rents and profits from the time possession of the property should have been given.

4. Taxation—*Persons Liable—When Liability Attaches.* The vendor was entitled to recover the taxes paid by him on the property after the time he had agreed to convey it, and which had not become a lien on the property when a conveyance was to be made according to the stipulation in the contract.

Appeal from Reno district court; William G. Fairchild, judge. Opinion filed March 12, 1927. Modified and affirmed.

*Walter F. Jones, Charles E. Branine* and *H. R. Branine,* all of Hutchinson, for the appellant.

*C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellee.

Contracts, 13 C. J. p. 525 n. 37. Exchange of Property, 23 C. J. pp. 228 n. 27, 229 n. 40. Judgments, 34 C. J. pp. 836 n. 92, 838 n. 96. Specific Performance, 36 Cyc. p. 789 n. 42. Vendor and Purchaser, 39 Cyc. p. 1637 n. 63.

The opinion of the court was delivered by

JOHNSTON, C. J.: The origin of this controversy was a contract between J. H. Leslie and G. R. Gage by which the former agreed to exchange a city residence for a farm owned by the latter. Upon the refusal of Leslie to carry out the contract, Gage brought an action for specific performance and a decree in his favor was rendered. Leslie appealed \and that judgment was affirmed by this court. (*Gage v. Leslie,* 117 Kan. 399, 231 Pac. 841.) Pending that appeal Leslie remained in possession of the city property, and it appears that he paid the taxes thereon for 1923 amounting to $427.02. On December 18, 1924, he paid the first half of the taxes for 1924, amounting to $198.65, and in January, 1925, Leslie paid the taxes for 1923 on the farm property, amounting to $228.22. After the judgment of affirmance Gage brought an action against Leslie for the use and occupation of the city property from August 11, 1923, when the contract of exchange was made until the giving of a bond upon the appeal from the judgment for specific performance, and he also brought another action against Leslie and his bondsmen upon the bond given on appeal for the use and occupation of the city property from the time the bond was given until possession was actually delivered.

These cases were consolidated and tried together. The rental value of the city property was submitted to a jury which found it to be $95 per month, and the court then tried out the questions of the right of Gage to recover rent and also the right of Leslie to recover the taxes he had paid. The court determined that Gage was not entitled to recover rent from the date of the contract, but only from the time the decree for specific performance was rendered. As to Leslie's rights, the court held that as the payment of taxes for 1923 was a lien on the city property when the decree was rendered he was not entitled to recover the taxes he had paid for 1923, amounting to $427.02. It was decided that he was entitled to recover the $228.22 which was the first half of the taxes paid for 1924 on the city property, and also that he was entitled to recover the 1923 taxes which he had paid upon the farm, amounting to $228.22. Leslie appeals from that feature of the judgment holding that Gage was entitled to rent on the city property and in denying to him a recovery for the $427.02, the taxes of 1923 paid by him on the city property.

In a cross appeal Gage contests the holding that he was not entitled to rent from the time possession was to be given under the contract and in limiting him to a recovery for rent which accrued after the date of the decree. The first question presented is whether Gage was entitled to rent from the time possession was to be given, as provided in the contract, or only from the time when the lower court entered the judgment for specific performance. In behalf of Leslie it is contended that the decree provided that a good and sufficient deed conveying the farm to Leslie was not to be executed until Gage had complied with all the conditions, namely, the release of a mortgage of $6,000 and the payment of $278, the difference in the value of the farm and the residence, and certain rent on the farm which Gage was entitled to collect from the tenant on the farm, and that these conditions were not complied with until January 16, 1925. It appears that the deed executed by Gage and his wife on November 2, 1923, was in fact acknowledged by both, but through a mistake of the notary the acknowledgment only recited that G. R. Gage acknowledged the execution of the instrument. The acknowledgment recites that there came before the notary public, "G. R. Gage, husband of Grace M. Gage, one of the grantors herein, who is personally known to me," etc. There was testimony to the effect that Leslie knew of the deed and the defective acknowledgment and made no objection thereto until after the decision of this court, and until after he had vacated the property, and when plaintiff's attention was called to the deed he immediately had it corrected as requested by defendant, who then accepted the same.

From what time was the plaintiff entitled to rents and profits? A binding contract to convey the land was made under which possession was to be given to plaintiff August 11, 1923. It was determined that plaintiff was entitled to specific performance of that contract. Under it he was entitled to a deed and the possession of the property at the time named in the contract. It is well settled that the time of performance, and not the time when a decree is rendered requiring performance, fixes the time when plaintiff's right to rents and profits attaches. The repudiation of the contract by the defendant and the delay caused by the litigation did not modify its terms nor change the right to the parties under it. If the contract is to be enforced at all it must be enforced as the parties have made it. Courts have no discretion to change contracts or to do

Gage v. Leslie.

other than enforce them according to the stipulations of the parties. In *Bostwick v. Beach et al.*, 103 N. Y. 414, it was stated:

"The only remaining questions are those which relate to the rents and profits from the time when the purchaser became entitled to his deed. ·

"There can be but little controversy about the ordinary rules for the determination of these questions. Where the purchaser is ready and willing to perform, and the delay is on the part of the vendor, the purchaser is entitled to the rents and profits from the time when, according to the terms of the contract, possession should have been delivered, or, if the vendor has remained in possession, he is chargeable with the value of the use and occupation from the same period, and the purchaser is chargeable with interest on the purchase money if it has remained in his hands unappropriated. But where it has been appropriated, and notice thereof given to the vendor, and the purchaser has received no interest thereon, he is not liable to pay interest to the vendor." (p. 423. See, also, *Harper v. Battle*, 180 N. C. 375; *Miller v. Jones*, 68 W. Va. 256; 36. Cyc. 789; Fry on Specific Performance, 5th ed., 1147; 25 R. C. L. 341.)

Objection is made by defendant that plaintiff was not entitled to specific performance or the recovery of rents until he had performed the conditions incumbent on him. It is argued that the deed tendered was not a sufficient instrument of conveyance and that plaintiff was not entitled to the possession of the premises until a deed properly acknowledged had been deposited in the court. The deed was tendered before the action for specific performance was begun. In that action no objection to the form or sufficiency of the deed was made by the defendant. He defended on other grounds and performance was decreed on all the issues joined in that action. The deed had been properly executed, and in fact had been acknowledged by both of the grantors. As soon as the defect was discovered plaintiff had it corrected at once; besides, it appears that the deed as corrected was accepted by the defendant. The objection is technical in character, and it has been held that a right to specific performance cannot be made to turn on objections of this nature. (*Harrell v. Neef*, 80 Kan. 348, 102 Pac. 838.) If defendant was intending to rely on the defect he should in fairness to the plaintiff have called the attention of plaintiff to it, after which a reasonable time would have been afforded to correct the defect. Under the circumstances the objection of defendant was without substantial merit and did not constitute good reason for resisting performance or the payment of rent. (*Niquette v. Green*, 81 Kan. 569, 106 Pac. 270; *Paul Co. v. Shaw*, 86 Kan. 136, 119 Pac. 546; *Cement Co. v. Washburn*, 89 Kan. 874, 133 Pac. 156.)

There is a further contention that the failure of the plaintiff to ask for rents in the action for specific performance bars him from asserting any claim for the use of the property, at least up to the date of the decree. It is said that specific performance and rents and profits constitute a single cause of action, and that a party is not allowed to split a cause of action and reserve a part of it for a subsequent suit, and he refers to *Naugle v. Naugle,* 89 Kan. 622, 132 Pac. 164, and other cases therein cited. Strictly speaking, there was no splitting of a single cause of action by plaintiff. Specific performance is of itself a distinct cause of action of an equitable nature, and one for rent is an appeal for a remedy at law, and while plaintiff has the option to ask for alternative relief if performance cannot be had, it is wholly a different kind of relief from performance. Probably plaintiff assumed, as he had a right to do, that when the court determined the validity of the contract which fixed a definite time for possession, that possession would be yielded by the defendant and he would settle for the reasonable value of the use of the property from that time instead of resisting recovery for a period of about three years. If plaintiff had combined a demand for rent or damages with that of specific performance and made the former an issue in the case, there would be ground for a claim of estoppel; but although both demands were based largely on the same facts, it appears that the matter of rents was not pleaded or placed in issue in any way in the first action. In fact, the demand for rents was not mentioned, and at that time the greater part of the rents had not accrued and cannot be regarded as having been adjudicated. The first action was brought for a different purpose and asked for a different relief than is sought in the present action, and since the rents were not in issue or litigated the authorities are to the effect that a party is not estopped to recover in a later action even though the demand might have been joined in the demand for a different kind of relief sought in the first. (*Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825; *Paris v. Golden,* 96 Kan. 668, 153 Pac. 528; *Paris v. Golden,* 97 Kan. 174, 154 Pac. 1123.)

As to the recovery of taxes there is little chance for contention. Since the plaintiff was entitled to possession and rent for the use of the property after August 11, 1923, which was prior to the time when a lien for taxes had attached, it follows that plaintiff was liable for the taxes of that year as well as for those of 1924. (R. S. 79-2902.)

This is conceded by the plaintiff, and therefore defendant should be awarded a recovery of $427.02, the amount paid by him on the city property. Likewise defendant was liable for the taxes on the farm for 1923 and afterwards. The judgment will therefore be modified by awarding plaintiff rent from August 11, 1923, at the rental fixed by the jury, and defendant is entitled to recover and be given a credit of $427.02 for the taxes paid by him, and when the judgment is so modified, it will stand affirmed.