## MAUS v SWARTZ

Ohio Appeals, 3rd Dist, Auglaize Co

No 94.   Decided Sept 20, 1932

Kent W. Hughes, Lima, and Meredith & Meredith, Lima, for plaintiff.

Jacob T. Koenig, Wapakoneta, and Emmett Lusk, Wapakoneta, for defendant.

**KINDER, J.**

Two questions are raised by the pleadings. First, was there a waiver on the part of the defendant, of a strict compliance with the provisoins of the contract insofar as it required the personal deed of the plaintiff, or such course of conduct as would estop the defendant from insisting upon a strict performance of the contract in that behalf; and, second, was the judgment, entered in the Court of Common Pleas of Auglaize County, Ohio, a lien on the interest in the lands covered by the contract, owned by the plaintiff?

Touching the first question, the evidence shows that the contract for the purchase and sale of the lands involved herein, contained the following provisions:

"That in consideration of the 'terms and conditions of this contract, said party of the first part does hereby sell· and agree to convey by proper deed of general warranty, with release of dower, and the party of the second part does hereby agree to purchase the following described real estate."

"Said party of the first part does further agree that said premises shall be conveyed by deed of general warranty, with proper

release of dower, on or before November 10, 1930."

There is no doubt but that these provisions required the execution and delivery of the personal deed of plaintiff to defendant unless strict compliance therewith was waived by him.

The evidence upon this branch of the case discloses that sometime after entering into the contract of September 23, 1930, the defendant, John W. Swartz, referred the matter of the title of the lands described therein, to Judge Koenig of Wapakoneta, Ohio, for examination and with full power to close the deal for him and in his behalf, of which fact he gave notice to plaintiff and advised him that the money was in the bank to pay for the lands when the deal was closed.

Notwithstanding the reference of the whole matter to Judge Koenig, a correspondence ensued between the plaintiff and defendant, and on November 3rd, the defendant advised the plaintiff that Judge Koenig "holds that the judgment in favor of The Auglaize National Bank held against you and your music company should be met before complete adjustment of the final phase of the transfer is taken care of * * *. He holds to this notion even though the transfer of the land was made to one Neuman, as I recall it. It is not my affair but I merely wanted to be safeguarded at every point.

"You might have the deed drawn and submit it to Judge Koenig at any time now. * * *"

On November 4th, the plaintiff wrote the defendant, among other things, as follows:

"As I explained to you at the time of the deal, this farm was never in my name but was in the name of A. D. Neuman who is delivering the deed direct to you which is a warranty deed and Mr. Neuman is perfectly responsible. * * * The deed I am delivering to you from Mr. Neuman who purchased the farm at sheriff sale is as good as gold. I now have the deed ready to deliver to you with the abstract as mentioned in agreement. * * *"

On November 7th, the defendant wrote the plaintiff in answer, in which he wrote, among other things,

"Now, as to the title, you certainly would not expect me to pay for the farm if you were not able to give a title that met with the approval of any intelligent and fair-minded attorney. It matters little to me whether the farm is held by you or someone else. The importance of the title remains without change."

"Unless proper title can be made, and unless you meet every phase of the contract that you signed, I shall not take over the farm. The whole problem is up to you."

It is apparent from the correspondence so far, that the judgment against the plaintiff in the Auglaize County Court of Common Pleas, and a conveyance by a deed of general warranty with release of dower, such as would convey a good title, was what the defendant, in dealing directly with the plaintiff, had in mind, and the language "unless you meet every phase of the contract that you signed, I shall not take over the farm," had reference to those two features and was not an insistence upon the personal deed of the plaintiff.

The defendant notified the plaintiff that he would be unable to be in Wapakoneta on the 10th of November, 1930, the date fixed for closing the contract, and the further negotiation was had with Judge Koenig his agent, which negotiation began on the 6th of November and terminated on the 10th.

In both interviews, the agent for the defendant insisted that the Auglaize County judgment constituted a lien upon the lands covered by the contract, and demanded either payment or release or a deposit of the amount of the judgment in a Wapakoneta bank. Plaintiff, it seems, was willing to make a deposit but insisted upon it being made in a Lima bank.

The evidence is clear and convincing that no demand was made for a personal deed of the plaintiff, nor was a deed from Neuman to the defendant rejected, but the refusal to proceed was based on a failure to remove what the agent claimed was a lien upon the lands, namely, the judgment of the Auglaize County Court of Common Pleas.

This course of conduct was well calculated to impress upon the plaintiff that the only objection to going forward, was the judgment and not the failure to tender his personal deed.

This constituted a waiver of strict compliance with the provisions of the contract providing for a deed from the plaintiff himself to the defendant, and was sufficient to estop the defendant from asserting such failure as a defense in this action.

27 R.C.L., page 522, §250.

Geo. H. Paul Co. v Shaw, 119 Pacific, 546.

Backman v Park et, 108 Pacific, 686.
39 Cyc., 1528, (E).
Higgins v Eggleton, 50 NE 287.
Wold v Newgard, 94 NW, 859.
Harris v Chipman, 33 Pacific, 242.

On November 19, 1930, Judge Koenig, acting on behalf of the defendant, notified the plaintiff that "your failure to comply with your contract in delivering a deed from you to him free from any incumbrance, renders your contract null and void. It is a closed incident so far as he is concerned." And this was confirmed by telegram dated November 22, 1930.

Although the repudiation of the contract by the defendant rendered further tender by the plaintiff unnecessary (**Brewing Company v Maxwell, 78 Oh St, 54**) the plaintiff did, by his petition and second amended petition, tender the deed of A. D. Neuman and also his personal deed for the land covered by the contract, which deeds were placed on file by the clerk, in this action.

In this situation, the plaintiff would be entitled to a decree for specific performance unless the second question be resolved against him.

Prior to an amendment of §§11655 and 11656 GC, by embodying therein the language "including vested interests therein", our Supreme Court uniformly held that an equitable interest in land was not subject to the lien of a judgment and could not be sold as upon execution at law. Subsequently a different line of decisions by the Supreme Court was announced.

Later the statute was again amended and as existing when the judgment here in controversy was rendered, confined the levy and lien to "vested legal interests." The judgment rendered by the Auglaize County Court of Common Pleas against the plaintiff did not become and is not a lien upon the lands covered by the contract and the said lands are not subject to sale as upon execution. **123 Oh St 109.**

The plaintiff, through one A. D. Neuman, purchased the lands in controversy at sheriff sale, and paid for the same; the title, for the convenience of the plaintiff, was taken in the name of Neuman. The plaintiff was the real beneficial owner, went into possession of the lands, and at the date of the rendition of said judgment and at the date of the contract was in possession thereof by his tenants.

Under this authority which upon its facts, we hold to be conclusive of this question, the judgment against the plaintiff was not an incumbrance upon the lands in controversy and did not justify the defendant in his refusal to go forward with the closing up of the deal and in refusing to accept the deed.

It follows that a decree of specific performance must be granted, which will be done, at costs of defendant.

When the former decision of this court was announced, finding for the defendant, and when the opinion was filed, the court overlooked the case just referred to. Had the court not done so, the judgment would have been in accordance with this opinion.

CROW, PJ, and KLINGER, J, concur.