**Robert C. HAYNIE et al., Appellants,**

v.

**A. L. WASSON et ux., Appellees.**

No. 10647.

Court of Civil Appeals of Texas.

Austin.

April 8, 1959.

homa, by the Wassons. A judgment for the Haynies for specific performance of the contract was affirmed by the Supreme Court of Oklahoma on May 28, 1957. See Wasson v. Haynie, Okl., 318 P.2d 420.

This suit, by way of a cross action, was filed in the court below by the Haynies against the Wassons for damages, actual and exemplary, for their withholding of the use and benefits of the Oklahoma property from the Haynies from the time the exchange contract should have been performed until it was performed.

Trial was to a jury which made these findings:

1. The Wassons wrongfully repudiated the exchange contract with the Haynies.

2. That the Haynies suffered pecuniary losses between November 1, 1954 and December 7, 1957, as a proximate result of the repudiation of the exchange agreement, which losses were found to be:

a. $10,000 for loss of grass lease on the Oklahoma ranch.

b. $6,000 for the loss of the lease and sale of mineral rights on and under the ranch.

c. $8,000 for the loss of sale of timber from the ranch.

$9,000 was awarded for expenses of litigation and $6,000 for exemplary damages.

Motion for judgment on the verdict was made by the Haynies on May 16, 1958 and motion for judgment non obstante veredicto was made by the Wassons, the latter motion being granted. The basis of this motion was that the judgment rendered in the Oklahoma suit was a bar to this suit. The court in its judgment expressed the opinion that the Oklahoma judgment was "res adjudicata as to these parties."

█ Appellees have filed no briefs and we accept as correct all statements as to the facts or record contained in appellants'

Snodgrass & Smith, William E. Davenport, San Angelo, J. Fred Green, Sallisaw, Okl., for appellants.

Clyde E. Thomas, Big Spring, for appellees.

HUGHES, Justice.

This suit is the aftermath of a suit filed in Oklahoma by appellants Robert C. Haynie and Evelyn Haynie against appellees A. L. Wasson and wife, Mattie O. Wasson for specific performance of a contract whereby the parties agreed to exchange real and personal property owned in Tom Green County, Texas by the Haynies for real property owned in Sequoyah County, Okla-

original brief. Rule 419, Texas Rules of Civil Procedure.

■ It is our opinion that the Oklahoma suit and judgment are not res adjudicata as to the present suit and judgment.

We quote from Texas Jurisprudence the rules which govern our decision:

"It is established by a multitude of decisions that in order for a judgment in one suit to bar the bringing of a subsequent one, there must be: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in the persons or parties. The first of these requisites—identity in the thing sued for—merely means that the general subject matter in controversy in the two suits must be the same. * * * The second element above mentioned—identity of the cause of action—means that the facts entitling the party to institute and maintain his suit and obtain the desired relief must be substantially the same in the two proceedings. * * * Identity of the causes of action is indispensable to the operation of a judgment as a bar to a subsequent suit between the parties. This means, in effect, that the facts which establish the existence of the plaintiff's right and a violation of that right on the part of the defendant must be the same or virtually the same in both suits. If the facts are materially different, the causes of action are not identical and the adjudication in the one case constitutes no bar to a recovery in the other. * * *

"It has been said that the best and most reliable test of the identity of the claims or demands on which successive suits have been brought is to inquire whether the same evidence will sustain both actions. If this is found to be the case, the judgment in the first case is a complete bar to prosecution of the second suit. On the other hand, however, if different proofs are required to sustain the two actions, a judgment in one of them is no bar to the other."

We adopt the following statement taken from appellants' brief:

"The proof in this case is that the Oklahoma suit was a suit for specific performance and only that issue was litigated and decided. The opinion of the Supreme Court of Oklahoma shows that the principal contentions made by the Wassons in the Oklahoma Trial Court were assertions of a breach on the part of the Haynies and fraudulent representations by the Haynies. Both of these issues were resolved in Haynies' favor by the Trial Court and affirmed by the Supreme Court. The record in this case wholly fails to show that there were any issues in the Oklahoma suit involving Haynies' right to recover for Wassons' delay in performance of the contract nor involving Wassons' tortious conduct giving rise to exemplary damages and attorney's fees."

We believe the correct rule to be stated in Gage v. Leslie, 123 Kan. 72, 254 P. 362, 364, as follows:

"Specific performance is, of itself, a distinct cause of action of an equitable nature, and one for rent is an appeal for a remedy at law, and, while plaintiff has the option to ask for alternative relief if performance cannot be had, it is wholly different kind of relief from performance. * * * If plaintiff had combined a demand for rent or damages with that of specific performance and made the former an issue in the case, there would be ground for a claim of estoppel, but, although both demands were based largely on the same facts, it appears that the matter of rents was not pleaded or placed in issue in any way in the first action. In fact, the demand for rents was not mentioned, and at that time the greater part of the rents had not accrued and cannot be regarded as having been adjudicated. The first

action was brought for a different purpose and asked for a different relief than is sought in the present action, and, since the rents were not in issue or litigated, the authorities are to the effect that a party is not estopped to recover in the later action, even though the demand might have been joined in the demand for a different kind of relief sought in the first."

The rule as to rents is, with added cogency, applicable to the major damages sought in this case because rents, if stable, may be projected with reasonable accuracy into the future but at the time of the Oklahoma trial many of the factors constituting damage were not then in existence or subject to proof with any reasonable degree of accuracy.

In Cavitt v. Amsler, Tex.Civ.App., 242 S.W. 246, writ dismissed, by this Court, it was held that a judgment granting specific performance of a contract for the sale of stock did not bar a subsequent suit for dividends paid on the stock after judgment but before its actual transfer to the purchaser.

We have examined the case of Mayfield Co. v. Rushing, 133 Tex. 120, 127 S.W.2d 185, 124 A.L.R. 1210, and find it not inconsistent with our decision here. There the court held a Federal Court judgment holding that a contract between the parties had not been effected was a bar to a State Court suit for damages for breach of the same contract. There the Federal Court destroyed the basis for the suit for damages. Here the Oklahoma suit sustained the basis for the present suit.

It is our opinion that the judgment of the Trial Court should be reversed and judgment here rendered for appellants for $39,-000 in accordance with the verdict of the jury, together with 6% interest per annum thereon until paid from May 16, 1958, and costs.

Reversed and rendered.