## CLARK *v.* BLAIR.

*(Circuit Court of the United States, District of Nebraska, January, 1883.—On Exception to Master's Report.)*

1. PRACTICE—REHEARING AFTER INTERLOCUTORY DECREE. It is competent for a Court of equity, at any time before the signing of final decree, to reconsider and modify or set aside any of the interlocutory rulings or orders made in the course of the proceeding; and where a case has been referred to a Master, the final hearing is when the Master's report comes in and is considered on exceptions.

2. FORMER ADJUDICATION—HOW FAR CONCLUSIVE. Where the former suit was based upon the same facts as the later one, and was between the same parties or their privies, but to enforce a different demand and obtain another form of relief, the parties are conclusively bound, not by all that might have been litigated in the former suit, but by what was in fact litigated and decided therein.

3. SAME—DECREE OF DISMISSAL. Where, in the former suit, there was a decree dismissing the bill, it will be presumed, in the absence of proof, that the bill was dismissed because the Court held upon some ground that the complainant had failed to make out a case for relief.

4. SAME—EVIDENCE ALIUNDE. In such a case it is competent to prove by evidence *aliunde* the record, what questions were in fact contested and decided, if, under the pleadings, several questions might have been litigated and the case might have turned upon any one of them.

5. SAME—SAME—RULE IN ABSENCE OF PROOF. In the absence of such evidence the Court will consider the former adjudication as conclusive upon the parties only as to questions which are common to both suits, and which were necessarily tried and determined in the former.

6. SAME—SAME—EFFECT OF PROOF. If the evidence in a second suit between the same parties is sufficient to entitle plaintiff to recover, his right cannot be defeated by showing a judgment against him in any action where the evidence in the second suit could not, if offered, have altered the result.

This is a bill in equity brought to set aside and cancel certain tax deeds executed by the county of Corning, through its treasurer, to the respondent.

At the hearing upon the final proofs, the Court held that the tax sale and deed complained of were void, and that the plaintiff was entitled to the relief sought, but not until he should pay or tender to respondent such legal taxes as the latter has paid upon the land in controversy. The case was accordingly referred to the Master to ascertain and report the amount of the legal taxes so paid by respondent.

It was insisted on the former hearing that a decree of the District Court of the State of Nebraska, in the case of the *Nebraska Land & Improvement Co.* v. *John I. Blair* and *John Cloke,* county treasurer, which decree was pleaded in bar and offered in evidence, was in law and equity an adjudication of the issues between the parties in the present suit. This defense was overruled at the former hearing and has been renewed and elaborately re-argued. Besides this defense, certain questions arising upon the report of the Master, and fully stated in the opinion, are now to be considered.

McCRARY, Circuit Judge.

Although the defense of the former adjudication was raised, considered and passed upon at the hearing upon the proofs, yet the same question may be again considered upon exceptions to the Master's report. It is competent for the Court at any time before the final decree has been signed to reconsider and modify or set aside any of the interlocutory rulings or orders made in the course of the proceeding. The final hearing in such a case as this is when exceptions to the Master's report are considered and passed upon, and if the Court is then of opinion that in any of its previous orders it has committed errors, the same may be corrected. *Fourniquet* v. *Perkins,* 15 Howard, 82.

I have accordingly reconsidered in the light of the thorough re-argument of counsel, the question whether the former decree relied upon by respondent is a bar to the present suit.

Although the parties are not identical, I assume that in legal contemplation the parties to the present suit are bound by the former adjudication to the same extent as if they had all been parties to that proceeding. The former suit, however, was brought to obtain a different remedy and secure a different re-

lief from that which is sought in the present case, although the relief sought in the two cases was predicated upon the same facts. The former suit was brought before the tax deed was executed and for the purpose of enjoining its execution, while the present suit is instituted, after the execution of the tax deed, for the purpose of having the same set aside as fraudulent and void. For the purposes of this question, we may say that the present is a suit based upon the same facts and between the same parties or their privies, but to enforce a different demand and obtain another form of relief. It is, therefore, not a case in which the parties are conclusively bound by all that might have been litigated in the former suit. They are conclusively bound only by what was in fact litigated and decided. *Cromwell* v. *County of Sac*, 94 U. S., 351.

The record of the former suit shows that the bill was dismissed. It shows nothing more; but the Court will undoubtedly presume that it was dismissed because the Court held upon some ground that the complainant had failed to make out a case for relief. In such a case it is no doubt competent to prove by evidence *aliunde* the record what questions were, in fact, contested and decided, if, under the pleadings, several questions might have been litigated, and the case might have turned upon any one of them. We are, however, in the present case, left to the consideration of the pleadings and decree of dismissal alone. From these we are asked by the respondent to assume that the State Court decided the taxes in question to be legal, notwithstanding the matters alleged in the bill, and that the sale for said taxes was valid, so that the purchaser would acquire a good title. All this we must assume, in order to hold that the former adjudication is a bar to relief here. We should be very reluctant to assume this, since, to do so, would be to declare that the State Court, in the former suit, held that a tax sale may be valid, notwithstanding the grave irregularities, not to say frauds, alleged in the bill, and shown by the proofs in this case. As we have said, where the record is silent, evidence is admissible to show what was actually litigated and determined in the former suit. In the absence of such evidence, we can consider the former adjudication as conclusive upon the parties in the present suit only as to ques-

tions which are common to both suits, and which were necessarily tried and determined in the former.

Such is the doctrine laid down by the Supreme Court of the United States in the case of *Packet Co.* v. *Sickles*, 5th Wallace, 580, where Mr. Justice Nelson, speaking for the majority of the Court, said:

"But even where it appears from the extrinsic evidence that the matter was properly within the issue controverted in the former suit, if it be not shown that the verdict and judgment necessarily involved its consideration and determination, it will not be concluded."

Upon looking at the record of the former suit, we discover that the defendants therein alleged in their answer as follows:

"And this defendant says that, by reason of the premises, and because the said petition of the plaintiff herein shows neither the payment of said several sums of money and interest, nor contains any offer to pay the same or any sum of money whatever in redemption of the said lands from the said tax sale, or in discharge of the lien aforesaid of this defendant thereon, that the same is wholly insufficient to sustain the claim for relief therein prayed for by the plaintiff, or to sustain this suit or action against this defendant, or any suit whatever. And this defendant, having now answered the said petition as fully as he is advised that it is material that the same should be answered, asks to be dismissed hence with his costs."

This paragraph of the defendant's answer in that case, taken in question with other allegations showing that defendant had paid certain legal taxes upon the lands in controversy, constituted, under the decisions of the Supreme Court of Nebraska, a complete defense. *Hallenbeck* v. *Hahn*, 2 Neb., 426, 427; *R. R. Co.* v. *York Co.*, 7 Neb., 495; *Wood* v. *Helmer*, 10 Neb., 75; *Southard* v. *Dorrington*, same, 122; *Hunt* v. *Easterday*, same, 166; *Boeck* v. *Merriam*, same, 201.

Some of these cases also hold that equity will not interfere by an injunction to restrain the execution of a tax deed, which, if executed, would be void, on the ground that the remedy at law in such a case is adequate.

It is apparent, therefore, that the District Court of Nebraska may have dismissed the bill in the former suit upon either of

these grounds, without considering at all the question of the validity of the tax sale then and now in controversy; and it is also apparent that it was not at all necessary for that Court to pass upon the question of the validity of said sale. Under such circumstances, we will presume that it did not do so.

We must hold that the former adjudication is no bar to this action, for another reason:

The law is well settled, that if different proofs be required to sustain the two actions, a judgment in one of them is no bar to the other. "If the evidence in a second suit between the same parties is sufficient to entitle plaintiff to recover, his right cannot be defeated by showing a judgment against him in any action where the evidence in the present suit could not, if offered, have altered the result." Freeman on Judgments, Sec. 259.

That the evidence in this case is sufficient to entitle complainant to relief, has already been decided. That it would not have availed the complainant in the former action is clear, from what has already been said. The suit was to enjoin the execution of a tax deed, and the Court was bound by the decisions of the Supreme Court of Nebraska, according to which the bill was fatally defective, in not alleging an offer to pay legal taxes, and in showing a case where there was a complete and adequate remedy at law.

The proof now relied upon would have been properly excluded in the former case, or, if admitted, would have availed the complainant nothing, because, in that case, there was no offer to pay or refund legal taxes. There is such an offer in the present bill, which makes the proof here both admissible and efficacious.

It results from these views, that the plea of former adjudication must be overruled. It remains only to consider the exceptions to the Master's report, filed by the plaintiff's counsel. It appears that the only evidence presented to the Master to establish the fact that respondent had paid legal taxes, were certain tax receipts. It is objected that these do not show that the taxes were legal, and it is insisted that their legality must be established by other and better evidence, showing a substantial compliance with the law. The burden is upon re-

spondent, in order to establish his lien, to show that he has paid taxes for which the land in question was liable, and which the complainant would have been obliged to pay if respondent had not paid them.

It is therefore ordered that the case be referred to Webster, as Master, to take further proof and report, on or before the first day of next term, what, if any, legal taxes against the land in controversy have been paid by respondents.

*E. Estabrook*, for complainant.

*J. C. Crawford & J. M. Woolworth*, for respondent.