## John Knickerbocker. *et al.* v. A. J. Ream.

JUDGMENT *in One Action, Not a Defense in Another Action.* Two notes were given at the same time for part payment of a header; both were executed by the same makers to the same payee; an action was brought upon one of the notes; upon trial a verdict was rendered for defendants for $50 damages, which they remitted and a judgment was rendered in their favor for costs. In a subsequent action between the same parties on the other note, the judgment in the former action is not a defense in the last action, when defendant's answer fails to show that all the defenses that might have been tried in the former action were decided in defendant's favor.

2—42 KAS.

*Error from Smith District Court.*

ACTION to recover upon a promissory note.    Judgment for plaintiff, *Ream*, at the December term, 1886.    The defendants, Knickerbocker and two others, bring the case here.    The opinion states the facts.

*Corn & Myers,* for plaintiffs in error.

*Webb McNall,* for defendant in error.

Opinion by HOLT, C.: The defendant in error, as plaintiff brought an action in justice's court upon a promissory note executed by the defendants.    They filed the following answer:

"Now come the said defendants and for answer to plaintiff's bill of particulars admits the execution of the note in question, but say said note was one of two notes given as the purchase-price for a heading machine, which said machine was purchased from this plaintiff and warranted by said plaintiff to be a good machine and do good work.    Defendants say that, relying on said warranty and believing the representations to be true, they purchased said machine; that said machine was worthless and of no value; defendants further say that plaintiff is estopped from recovering on this note for the reason that on the 9th day of September, 1885, the said plaintiff prosecuted another action on one of said notes, which was dated, signed and delivered at the same time of the signing and delivery of this note; that both notes were given for the purchase-price of said heading machine, and the parties plaintiff and defendant in said first suit were the same as in this case, and said first case was prosecuted by plaintiff to final judgment, and verdict by the jury in said case was in favor of the defendants, after trial on the merits of the case; and judgment was rendered on said verdict in favor of said defendants for costs; and that said judgment has not been appealed from, vacated, reversed, or set aside, but remains in full force and effect in this court; a copy of this record in said first case is hereto attached, marked 'Exhibit A,' and made a part of this bill of particulars."

The exhibit referred to showed that a jury had been im-

paneled and the case tried, and that they returned into court the following verdict:

"We, the jury impaneled and sworn in the above-entitled suit, do find from the law and the evidence the issues in favor of said defendants, and that they recover of the plaintiff the sum of $50 as damages. It is therefore ordered and adjudged by the court that the defendants recover of plaintiff the sum of $50 as damages, together with the costs herein, taxed at $—."

Then follows a motion for a new trial, and a continuance until the next day, when the following proceedings were had:

"Parties appeared; argument heard; on consideration whereof the court finds, that said verdict was intended by the jury as an offset of the $50 note sued on, and the defendants, by their attorney present, in writing then offer to remit the sum of fifty dollars from the verdict of the jury; the motion for a new trial is overruled, at the plaintiff's costs. It is therefore considered and adjudged that the defendants recover judgment for the costs herein, taxed at thirty-two dollars and fifty cents; for which let execution issue."

To this answer the plaintiff demurred, for the reason that it did not constitute a defense; the justice sustained the demurrer, and the defendants refusing to answer further, judgment was rendered for the amount of the note. The defendants carried the case to the district court on error, where the judgment of the justice's court was affirmed; of that ruling the defendants complain. They insist that the judgment in the former action is an adjudication of the issues arising in this action. It may or may not have been. Unquestionably, from the record brought here, the question of damages was tried in the former action, but there is nothing to show whether the question of the worthlessness of the harvester was litigated at that time; if it had been, then that would have been an adjudication of that matter in an action brought upon the other note. The defendants in their answer fail to show what all the issues were in the former action; they do not allege that either the worthlessness of the machine was then litigated, or, what is of vital importance, that that issue was decided in

their favor.    For these reasons, we think the answer did not state a defense, and that the demurrer was properly overruled; hence the judgment was correct, and we recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.