69  241
71  304

ELMER S. STROUP *et al.* v. I. N. PEPPER *et al.*

**No. 13,278.** ( 76 Pac. 825.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Rule of Res Judicata Stated and Distinguished.*
The rule that a judgment in bar, or as evidence in estoppel, is binding not only as to every question actually presented and considered and on which the court rested its decision, but also as to every question that might have been presented and decided, does not apply to a different cause of action between the same parties, except as to questions shown to have been actually decided in the former action.

2. ——— *Decree in Foreclosure Held Not to be an Adjudication of an Issue in Ejectment.* In an action of ejectment defendant claimed the rights of a mortgagee in possession. Plaintiff showed that in a prior suit between the same parties defendant in the ejectment action sought to foreclose the mortgage relied on

. 16—69 KAN.

to justify possession, but it appeared that, after setting it up as a cause of action, all reference to it was stricken from the pleadings by the court because of improper joinder of causes of action. *Held*, that, although the mortgage might have been foreclosed in the equity suit, the rights of the mortgagee were not actually determined, and that the decree therein did not affect the rights of defendant as a mortgagee in possession in the subsequent ejectment action.

Error from Rooks district court; CHARLES W. SMITH, judge. Opinion filed May 7, 1904. Affirmed. On rehearing.

STATEMENT.

PLAINTIFFS in error, who were plaintiffs in the court below, are the five sons and one daughter, and heirs at law, of James T. Stroup, who died April 9, 1889. He was owner of 160 acres of land, for the possession of which this ejectment action was brought. Mr. Stroup was a widower when he died, and resided with the two minor children on the land. A mortgage for the sum of $950, executed in Stroup's lifetime, was a lien on the land. His administrator procured an order of the probate court to sell the property for the purpose of paying debts of the estate. It was sold to one John Potter, subject to the mortgage, and he took possession. By mesne conveyances the record title passed to a corporation called the Bow Creek Irrigation Company. This company executed a mortgage on the 160 acres of land in controversy and other lands to E. S. Huston, trustee, to secure the payment of two notes of $2500 each. With a part of the money loaned by Huston to the irrigation company the mortgage for $950 on the land was purchased and assigned to Huston for his better security.

The irrigation company defaulted in payment of the mortgage debt. A suit was begun by the mortgagee against the Stroup heirs, plaintiffs in this ejectment

action, and all other parties interested in the mort-
gaged premises, to foreclose the mortgage lien.
Plaintiffs in this action, the children and heirs of
James T. Stroup, answered in the foreclosure suit alleg-
ing that the mortgage on the land in controversy was
void and constituted no lien thereon ; that the irri-
gation company took no title to the land by the con-
veyance to it ; and that they were the owners of the
unencumbered fee.   In his reply Huston, the mort-
gagee, pleaded the purchase and transfer of the prior
$950 mortgage to himself, alleging that he was the
holder of the note secured by it, and prayed a fore-
closure.   Upon motion of the Stroup heirs, defend-
ants in that suit, all the allegations of the reply
relating to the $950 mortgage were stricken from that
pleading because it was not a part of the transaction
out of which arose the mortgage executed by the Bow
Creek Irrigation Company for $5000, the foreclosure
of which was sought in the petition.   A trial was had
and a decree entered foreclosing the mortgage as to
all the property except the land in controversy in this
action.

The land involved now, at the commencement of
this action, had been conveyed by the Bow Creek Ir-
rigation Company to I. N. Pepper, and deeded by the
latter to E. S. Huston, the mortgagee of the irriga-
tion company and plaintiff in the foreclosure suit.
In this action of ejectment by the Stroup heirs, Hus-
ton claimed title and right to possession based on the
administrator's deed and a tax deed.   He also claimed
the right of a mortgagee in possession, by reason of
his ownership of the mortgage given to secure the
debt of $950.   Plaintiffs below contended that the
administrator's deed and the tax deed were both void,
and that all the rights of Huston to the $950 mort-

gage were adjudicated in the foreclosure suit. A jury trial was had and a general verdict was returned in favor of Charles B. Stroup, Frank A. Stroup and Oscar W. Stroup for a recovery of their interest in the land. Their coplaintiffs—the three other heirs—were defeated in the action. The court in entering judgment found that the above-named persons were each entitled to the possession of a one-sixth interest in the 160 acres of land, after paying defendant Huston a sum equal to one-sixth of the mortgage for $950, and certain taxes and interest. They filed no motion for a new trial. The other plaintiffs, Elmer S. Stroup, George W. Stroup, and Amanda A. Pratt, were denied a recovery, and judgment for costs was rendered against them. They have come here by proceedings in error. Huston has filed a cross-petition in error. The court below instructed the jury as follows:

"I instruct you, as a matter of law, that the decree of this court rendered in the case of E. S. Huston, Trustee, v. The Bow Creek Irrigation Company, E. S. Stroup, Charles B. Stroup, Frank A. Stroup, George W. Stroup, Oscar W. Stroup, Amanda A Pratt, and others, is not binding on the defendants or either of the defendants in this case. The records and proceedings in that case offered in evidence here you are not to consider in reaching your verdict."

*W. B. Ham*, for plaintiffs in error.

*J. W. Gleed*, and *J. L. Hunt*, for defendants in error; *Gleed, Ware & Gleed*, of counsel.

The opinion of the court was delivered by

SMITH, J. : This case was decided in October last and the judgment of the court below reversed. (73 Pac. 896.) A rehearing was allowed, and the question

submitted to counsel for argument was whether the decree in the foreclosure suit of *Huston, Trustee, v. The Bow Creek Irrigation Company and others* was *res judicata* respecting the rights claimed by Huston in the ejectment action as a mortgagee in possession.

The mortgage for $950 on the land in controversy held by Huston was set up for the first time in the foreclosure suit in his reply to the answer of the Stroup heirs. Upon motion of the latter all allegations concerning it were stricken out. In the former opinion Mr. Justice Pollock, speaking for the court, said :

"True, all the allegations as to the prior mortgage were, upon motion, stricken from the reply, and the plaintiff was denied the right actually to litigate his rights under that mortgage ; but the test of the effect of a former judgment or decree is not 'what was actually litigated and determined' but 'what was put in issue, and might have been determined under the issues.'"

The language quoted is too general when applied to the facts of the present case. This was an action in ejectment. The former was an equitable suit in foreclosure. The true rule, now well established, is that where a second action between the same parties is upon a different claim or demand the judgment in the prior action operates as an estoppel only as to those matters in issue upon the determination of which the finding was made or the judgment rendered, and does not extend to matters which might have been, but were not, litigated and determined in the former action. The leading case on the subject in this country is *Cromwell v. County of Sac*, 94 U. S. 351, 24 L. Ed. 195. An action was brought on four bonds issued by the county of Sac for $1000 each and four $100 coupons attached. The bonds matured in 1868, 1869, 1870, and 1871. As a defense the county

relied upon the estoppel of a judgment rendered in its favor in a former action brought against it by one Samuel C. Smith on certain earlier maturing coupons on the same bonds, accompanied with proof that the plaintiff, Cromwell, was at the time the owner of the coupons sued on in that action, and that the same was prosecuted for his sole use and benefit. In holding that the defense of former adjudication did not avail, Mr. Justice Field said :

"In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action ; not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action."

The question is exhaustively treated in the opinion quoted from, and many authorities, both English and American, cited to sustain the principle stated. In *Davis v. Brown*, 94 U. S. 423, 428, 24 L. Ed. 204, Mr. Justice Field again said :

"When a judgment is offered in evidence in a subsequent action between the same parties upon a different demand, it operates as an estoppel only upon the matter actually at issue and determined in the original action ; and such matter, when not disclosed by the pleadings, must be shown by extrinsic evidence."

The same doctrine was reaffirmed and applied in *Nesbit v. Riverside Independent District*, 144 U. S. 610, 12 Sup. Ct. 746, 36 L. Ed. 562, and in *Dennison v. United States*, 168 id. 241, 18 Sup. Ct. 57, 42 L. Ed. 453. The case of *Clark v. Blair*, 14 Fed. 812, 814, was a suit in equity to set aside and cancel certain tax deeds. It was insisted that a decree of a Nebraska district court

between the same parties was an adjudication.   Mc-
Crary, circuit judge, said :

" The former suit, however, was brought to obtain
a different remedy and secure a different relief from
that which is sought in the present case, although
the relief sought in the two cases was predicated upon
the same facts.   The former suit was brought before
the tax deed was executed, and for the purpose of en-
joining its execution, while the present suit is in-
stituted after the execution of the tax deed, for the
purpose of having the same set aside as fraudulent
and void.   For the purposes of this question, we may
say that the present is a suit based upon the same
facts, or between the same parties or their privies,
but to enforce a different demand and obtain another
form of relief.   It is, therefore, not a case in which
the parties are conclusively bound by all that might
have been litigated in the former suit.   They are
conclusively bound only by what was in fact litigated
and decided.   *Cromwell v. County of Sac,* 94 U. S.
351" [24 L. Ed. 195].

The following cases lay down the same doctrine :
*Rossman v. Tilleny,* 80 Minn. 160, 83 N. W. 42, 81 Am.
St. Rep. 247 ; *State, ex rel., v. Cooley,* 58 id. 514, 60 N.
W. 338 ; *Foye v. Patch,* 132 Mass. 105 ; *Montpelier S.
B. & T. Co. v. School Dist. No. 5,* 115 Wis. 622, 92
N. W. 439 ; *Pitts et al. v. Oliver,* 13 S. Dak. 561, 83
N. W. 591, 79 Am. St. Rep. 907 ; *Wentworth v. Racine
County,* 99 Wis. 26, 74 N. W. 551 ; *Chicago, R. I. &
P. Ry. Co. v. St. Joseph Union Depot Co.,* 92 Fed.
(C. C.) 22 ; *Lawrence v. Stearns,* 79 id. (C. C.) 878.
See, also, section 506 of the second edition of Black on
Judgments.   In Vanfleet on Collateral Attack, the
author notes the confusion which has arisen in apply-
ing the doctrine of *res judicata* to cases of collateral
attack.   In section 17 he says :

"It is the *opportunity to make defense* which bars a

collateral attack on the original judgment, while it is the *contest actually made and passed upon* which gives the successful party the right to use the judgment as a bar to the *same contest* in a new action on a different subject-matter.''

Of our own cases that of *Knickerbocker v. Ream*, 42 Kan. 17, 21 Pac. 795, is nearest in point. The syllabus reads:

''Two notes were given at the same time for part payment of a header; both were executed by the same makers to the same payee; an action was brought upon one of the notes; upon trial a verdict was rendered for defendants for fifty dollars damages, which they remitted, and a judgment was rendered in their favor for costs. In a subsequent action between the same parties on the other note, the judgment in the former action is not a defense in the last action, when defendant's answer fails to show that all the defenses that might have been tried in the former action were decided in defendant's favor.''

In the prior decision of this case the rights of Huston under his $950 mortgage were treated as having been involved in, and determined by, the decree foreclosing the $5000 mortgage executed to him by the Bow Creek Irrigation Company. As before stated, Huston was not only not permitted to litigate the question whether his $950 mortgage was a lien on the land in controversy, but he was shut out from pleading it, and wholly precluded from tendering an issue involving its force or validity as an encumbrance on the land. The $5000 mortgage which Huston owned was held not to be a lien on the property now in controversy. There was, therefore, in the equity suit not only no adjudication of Huston's rights under the $950 mortgage, but there was no issue respecting it, and the land on which it was a lien was not mentioned or referred to in the decree. The rule stated in *Davis v.*

Insurance Co. v. Harn.

*Brown,* supra, to the effect that the estoppel in a second controversy on a different cause of action operates "only upon the matter actually at issue and determined" in the first action deprives the judgment in the prior equity suit of any effect on the rights of Huston, the mortgagee, in the subsequent ejectment action.

It follows that the instruction given by the trial court that the judgment in the foreclosure suit did not affect the right of Huston as a mortgagee in possession was correct.

The judgment of the court below will be affirmed.

All the Justices concurring.