No. 20,322.

MYRTLE M. CAMPBELL, *Appellant*, v. GEORGE T. CUBBON, *Appellee*, et al.

SYLLABUS BY THE COURT.

1. JUDGMENT—*Quieting Title—Not Res Judicata as to Damages.* A judgment in a suit to remove a cloud cast upon plaintiff's title to real estate by a fraudulent deed is not *res judicata* on the question of damages sustained on account of attorney fees and expenses incurred in clearing the title, and resulting from the wrongful acts of the grantee in procuring the deed.

2. APPEAL AND ERROR—*Evidence—Demurrer—Former Judgment not Res Judicata.* Plaintiff sued defendant in the county where he resided to recover damages for his. fraud in procuring from her a deed purporting to convey real estate in another county. Defendant pleaded as *res judicata* a former judgment obtained against him in the county where the land was situated, in which action plaintiff sued to set the deed aside and to quiet her title, but set up no claim for damages. *Held*, error to sustain a demurrer to plaintiff's evidence on the ground that she should have pleaded and proved her claim for damages in the former suit.

3. SAME — *Evidence — Demurrer — Facts Admitted — Pure Question of Law—Transcript Unnecessary.* Where error is predicated solely upon a ruling sustaining a demurrer to plaintiff's evidence, but the facts are not disputed and the ruling is expressly based upon a question of law, it is not necessary for the appellant to have a transcript of the evidence made or to bring up the evidence.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 8, 1916. Reversed.

*O. A. Keach*, of Wichita, for the appellant.

*J. W. Blood*, of Wichita, for the appellee.

Campbell v. Cubbon.

The opinion of the court was delivered by

PORTER, J.: The action in the district court was commenced in June, 1912, against George T. Cubbon, L. O. Steenrod and others, all residents of Sedgwick county, to recover damages for pecuniary losses sustained by reason of the alleged fraud of defendants in procuring from plaintiff a fraudulent deed purporting to convey to George Cubbon two sections of land in Kearny county. In November, 1911, the plaintiff brought a suit in the district court of Kearny county against George T. Cubbon to set aside the same deed which he had placed of record. She recovered judgment in that suit setting aside the deed as fraudulent and quieting her title to the lands. In this action defendant Cubbon answered pleading that the suit in Kearny county was *res judicata* as to all damages alleged to have been sustained by his fraud in procuring the execution of the deed, and the answer set out the petition, answer, reply, findings of the jury and the judgment. The court sustained a demurrer on his behalf to plaintiff's evidence, the journal entry reciting that the ruling was made on the sole ground that plaintiff should have pleaded and proved her claim for damages against him in the former suit. From this ruling plaintiff appeals.

The suit to remove the cloud cast upon plaintiff's title by the fraudulent deed was not in any respect *res judicata* on the question of damages suffered from the fraudulent conduct of George T. Cubbon in procuring the conveyance. None of the other defendants was a necessary party to the suit to quiet title. It is only necessary to note that plaintiff's cause of action for damages did not accrue until she had cleared the records of the fraudulent deed. She now sues for the pecuniary losses which she sustained in removing the cloud upon her title, the moneys expended for attorney's fees and other expenses in connection with that suit and in her efforts to procure a conveyance which would have cleared her title without a suit, and also for exemplary damages against Cubbon and those alleged to have been associated with him in the transaction. There is no splitting of causes of action, for the reason that not until her suit in Kearny county was finally determined

could she show the extent of her damages. Had she joined in her suit there a claim for damages she would have been estopped in a subsequent action to claim damages for the pecuniary loss sustained in being compelled to prosecute the first suit. We think the authorities in respect to splitting of causes of action relied upon by defendant have no application to the facts in this case. Nor does the doctrine of the election of remedies apply, for the reason that the two remedies are not inconsistent and, as already stated, the one for damages had not fully accrued when the other was ripe for action.

It was not necessary for the plaintiff to bring up the evidence, although the ruling of the court was made after the evidence was submitted. There is not the slightest dispute as to the facts. They appear in the pleadings. The ruling of the court, based expressly upon the grounds stated in the judgment sustaining the demurrer, raises a question of law and nothing else.

The first suit in Kearny county was an equitable action, local in character, which could have been brought only in that county. The present one is an action at law, transitory in character, which might have been brought in any county where personal service could be had upon the defendants. The issues in the two actions were not identical, and therefore the judgment in the first could not have been *res judicata* in the other, except between the plaintiff and George T. Cubbon, and between them only as to the issue of fraud. (*Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825; *Clifton v. Meuser,* 88 Kan. 408, 129 Pac. 159.) The plaintiff had both the right to have the title to her real estate cleared and to recover any expense incurred in enforcing that right. They were not necessarily involved in one action, especially since the cause of action for the expense incurred in removing the cloud on her title did not accrue until the first action was determined.

*Naugle v. Naugle,* 89 Kan. 622, 132 Pac. 164, is cited by defendant as conclusive, but the prior action there was a suit for specific performance. A judgment denying plaintiff any relief was held *res judicata* in a subsequent action for damages, because each remedy was based solely upon the same cause of

action and because without any prayer in the alternative for damages in case specific performance can not be ordered the court may under the code practice award damages.

The judgment is reversed and the cause remanded for further proceedings.