No. 21,528.

GEORGE K. PHILLIPS, *Appellee,* v. J. H. SPRINGER, as County Treasurer, etc., and THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FRANKLIN, *Appellants.*

### SYLLABUS BY THE COURT.

INJUNCTION—*Taxation—Rights under Land Contract—Res Judicata— Pleadings.* A deed contained a condition that the grantor should during his life receive an annual payment from the grantee. In an action to enjoin the taxation, as personal property, of the grantor's right thereunder, it is held that a prior adjudication against its taxability is sufficiently pleaded by averments that in a former action between the same parties, brought to restrain the collection of the tax assessed against the same right the year before, the same issue had been raised, and that the court adjudged "that the real estate . . . was conveyed . . . upon conditions subsequent, and that the assessment of plaintiff on account of said pretended property was illegal . . . and . . . that said decision then had upon the merits of this matter in said case rendered the matter of assessing said property *res adjudicata.*"

Appeal from Franklin district court; CHARLES A. SMART, judge. Opinion filed May 11, 1918. Affirmed.

*S. M. Brewster,* attorney-general, *S. N. Hawkes, John L. Hunt,* assistant attorneys-general, and *R. R. Redmond,* county attorney, for the appellants.

*W. B. Pleasant,* of Ottawa, for the appellee.

The opinion of the court was delivered by

MASON, J.: In 1915, George K. Phillips and his wife executed deeds to their several children by which they conveyed to each a tract of land upon the condition that the grantee should annually pay to them, or to the survivor of them, so long

as either should live, the sum of one dollar per acre. In 1916, the county commissioners undertook to tax the right of George K. Phillips to receive such annual payment, and entered it upon the rolls as personal property belonging to him. He brought an action against the commissioners and treasurer seeking to enjoin the collection of the tax. A demurrer to his petition was overruled. The defendants elected to stand upon their demurrer, and now appeal.

The plaintiff contends that the execution and acceptance of the deeds referred to created no right or property in him which is subject to taxation, but that whether or not he is correct in that contention, the defendants are precluded from disputing it, because of allegations in the petition which he asserts constitute a good plea of *res judicata* as to that matter. Such allegations are to the effect that in 1915, under similar circumstances, a warrant based upon the same character of proceedings was about to be issued against the plaintiff, and he had then sought and obtained a permanent injunction against the defendants forbidding the collection of the tax. The defendants assert that the matters alleged do not amount to a prior adjudication of the issue here presented—that the facts pleaded merely show that for some undisclosed reason the tax warrant that was to have been issued in 1915 was not valid. The rule is invoked that where (as in this instance) the second cause· of action is upon a different demand, a former judgment operates as an estoppel only as to matters that were actually litigated. (*Stroup v. Pepper*, 69 Kan. 241, 76 Pac. 825.) The question presented for determination is whether the allegations of the petition, when given the construction favorable to the pleader to which they are entitled upon an attack by demurrer, are sufficient to show, expressly or by fair implication, that in the earlier case the court decided that the deeds created no right in the plaintiff which was subject to taxation as personal property. The part of the petition referring to this phase of the controversy reads as follows:

"That in March, 1915, the deputy assessor of said Franklin township and the county clerk of Franklin county assessed this plaintiff upon said property, that is the alleged property, which they claimed plaintiff owned by virtue of said deeds, and extended the same upon the tax rolls of Franklin county, Kansas, and the county treasurer was about to and intended to issue a warrant to the sheriff of Franklin county to collect

said tax levied upon said property, the amount being $93.20, and to prevent the issuance of said warrant this plaintiff on February 7, 1916, duly filed in this court his action against all defendants in this case to enjoin the issuance and service of such tax warrant. That the defendants in this case answered plaintiff's petition in that case by setting up that it was a taxable property owned by plaintiff by virtue of the provisions in said deeds, and claimed the right to assess the property and tax the plaintiff thereon; and the issues being duly joined in said case, the same was tried to this court, and the court having heard the evidence fully of both parties and the argument, it was duly considered and adjudged in said cause by this court that the real estate described in said deeds was conveyed by this plaintiff to his said several children upon conditions subsequent, and that the assessment of plaintiff on account of said pretended property was illegal and that the defendants should be enjoined from collecting taxes thereon; whereupon it was adjudged and decreed by the court in that cause that the defendants herein who were defendants in that cause be and they were perpetually enjoined from issuing or causing to be issued any warrant for the collection of said taxes, and this plaintiff now says that said decision then had upon the merits of this matter in said case rendered the matter of assessing said property *res adjudicata,* and the defendants are estopped thereby and prohibited thereby from assessing said pretended property and from issuing any warrants against this plaintiff to collect said illegal taxes thereon."

It is quite apparent that the pleader had in mind and intended to give expression to the idea that the question of the taxability of the plaintiff's rights under the contracts evidenced by the deeds was passed upon in the former action. That allegation is not made, however, as distinctly and explicitly as might be desired. Doubtless a motion for a more definite statement of the plaintiff's claims in this regard would have elicited a fuller exposition of them. Possibly everything said in the petition might have been literally true, although the decision was based on some defect peculiar to the tax proceedings of 1915. No hint is given, however, of any challenge of the validity of the tax excepting that based upon the character of the plaintiff's rights with respect to the real estate, and the repeated references to that feature of the matter would seem entirely purposeless unless that were the controlling issue. The petition alleged that in the prior action the plaintiff asked an injunction against the defendants restraining the collection of a tax on "the alleged property, which they claimed plaintiff owned by virtue of said deeds"; that the defendants answered "by setting up that it was a taxable property owned

Railway Co. v. Utilities Commission.

by plaintiff by virtue of the provisions in said deeds, and claimed the right to assess the property and tax the plaintiff thereon"; that "the issues being duly joined in said case, the same was tried to this court"; that it was adjudged "that the real estate described in said deeds was conveyed by this plaintiff to his several children upon conditions subsequent, and that the assessment of plaintiff on account of said pretended property was illegal," and that "said decision then had upon the merits of this matter in said case rendered the matter of assessing said property *res adjudicata.*" The final allegation as to the effect of the judgment partakes of the nature of a legal conclusion, but it serves to interpret the other allegations and to give character to them by showing the purpose for which they were inserted in the pleading. We think the petition must be deemed to show, at least by fair inference, that in the former action an issue as to the taxability of the rights held by the plaintiff under the deeds was raised, heard, and determined against the defendants. The demurrer was therefore properly overruled, on the ground that estoppel by former adjudication was sufficiently pleaded.

The judgment is affirmed.