Nicholson v. Fawley.

No. 23,518.

D. T. NICHOLSON, *Appellee*, v. F. F. FAWLEY, *Appellant.*

SYLLABUS BY THE COURT.

SPECIFIC PERFORMANCE—*Contract to Sell Land—Mistake of Facts—No Decree Awarded—Damages Allowed—Pleadings.* In an action for specific performance of a contract for the sale of real estate, where the trial court in its discretion refuses to enforce it specifically because the defendant signed it under a mistake as to its contents not caused by fraud or its equivalent on the part of the defendant, it is proper to allow damages to the plaintiff covering losses incurred in reliance upon the contract. Such damages may under some circumstances include compensation for a commission paid to the real-estate agent who negotiated the deal and for the nonuse of land owing to the controversy, but not an attorney's fee for prosecuting the action. In the present case, where damages were awarded in such an action the failure to plead them is held not to have been prejudicial, and the absence of evidence on one issue is held to have been immaterial in view of an admission concerning it.

Appeal from Chase district court; WILLIAM C. HARRIS, judge. Opinion filed November 4, 1922. Modified and affirmed.

*R. E. Boynton,* of Emporia, and *O. T. Atherton,* of Parsons, for the appellant.

*R. M. Hamer,* of Emporia, for the appellee.

The opinion of the court was delivered by

MASON, J.: D. T. Nicholson brought an action against F. F. Fawley for the specific performance of a written contract whereby the plaintiff was to convey to the defendant a farm in consideration of a deed to some town lots and the payment of $1,000 down and $6,200 in eleven months. The defendant's answer alleged that he signed the contract under the belief, induced by the fraud of the plaintiff, that the final payment it provided for was $4,500, instead of $6,200. The court refused to grant specific performance, but gave the plaintiff a judgment for $650 as damages by reason of expenses he had incurred in reliance on the contract. The defendant appeals.

The evidence established these facts, which are undisputed: The plaintiff listed the farm with an agent for sale at $6,500. The agent offered it to the defendant at that price, and later the defendant made to the plaintiff in the presence of the agent a counterproposition that in exchange for the land he would give the lots, which

were worth $1,000, pay $1,000 down and $6,200 later, the last-named figure being the result, according to an explanation given in his answer, of a "mistaken mental mathematical calculation, whereby this defendant attempted a process of subtraction from the said price agreed upon, and the cash payment to be made March 1, 1920, was put at $6,200 when in truth and in fact it should have been $4,500." The agent then prepared a contract in which $6,500 was named as the total consideration, to be paid by a deed to the lots, $1,000 down, and $6,200 in eleven months. The plaintiff refused to sign this, saying he preferred his banker should draw the contract. Later the contract sued on was drawn by the banker and signed by the parties. It did not contain the recital giving $6,500 as the total price.

Obviously the court concluded that the plaintiff was not guilty of any fraud or conduct having the effect of fraud, or being such as to vitiate the contract, but that the defendant signed it under a mistake as to the price he was to pay and in such circumstances that a court of equity in its discretion should refuse to decree specific performance against him. In such a situation it is competent under some conditions to allow damages to the plaintiff, covering losses he had incurred in reliance upon the contract. (36 Cyc. 750.) The defendant does not dispute this proposition, but contends that here the judgment for damages was erroneous because the facts on which it was based were (1) not pleaded, and (2) were not supported by any evidence, except as to an item of $200 on account of the real-estate agent's commission. The petition was drawn merely as one for specific performance. It is concluded with a prayer for such other relief as might be equitable, but did not mention damages, nor set out the losses the plaintiff had suffered.

The issues framed by the pleadings are often enlarged at the trial, and unless the omission to amend the pleadings accordingly works some substantial prejudice to the losing party no ground of reversal results. What is to be determined, therefore, is not whether the petition should have been amended so as to show the injury to the plaintiff growing out of the contract and its nonperformance, but whether the absence of such amendment in any way hampered the defendant in meeting that issue. This question may be considered in connection with those growing out of the contention that there was no evidence to support the two items for which damages were allowed, other than the agent's commission, which were—$200 on account of

the farm having remained idle for a year by reason of the controversy, and $250 as an attorney's fee in the trial of the case.

It is conceded that there was abundant evidence that the plaintiff paid the real-estate agent a commission of $200, and there is no suggestion that the defendant did not have an opportunity to contradict it, or that he desires to do so, or that it was in fact false. This expense was one for which upon the theory adopted by the court it was proper to reimburse the plaintiff, and it is evident that no prejudice resulted to the defendant from its not having been pleaded.

The petition alleged that the plaintiff was in the possession of the town lots, claiming to own them under the contract. It is stated in behalf of the plaintiff that the amount allowed by the court because of the farm having remained idle for a year was arrived at after taking into account the value to him of his occupancy of the lots during that time. No evidence was introduced on this subject. In the plaintiff's brief it is said (and the statement has not been challenged) that the defendant admitted that if the question of damage was open to investigation at all the value of the use of the farm, taking into consideration the use of the lots, was such that the balance in favor of the plaintiff was $200. We think circumstances may have existed such as to entitle the plaintiff to compensation for the nonuse of the farm and this admission dispenses with the occasion for evidence and renders immaterial the omission of the petition to refer to the matter.

. Inasmuch as in the absence of a statute a judgment for the plaintiff cannot include his attorney's fee for services in the action in which it is obtained, even where fraud is the basis of the recovery (*Evans v. Insurance Co.*, 87 Kan. 641, 125 Pac. 86), we think no allowance should have been made on that account in this action.

The judgment is modified by reducing it to $400, and as so modified it is affirmed.