No. 42,460

JEANNETTE H. ENDICOTT, et al., *Appellees,* v. LOUIS V. DeBARBIERI, et al., *Appellants.*

(369 P. 2d 241)

Opinion filed March 3, 1962.

*James W. Sargent,* of Wichita, argued the cause, and *Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, Stanley E. Wisdom, Cecil E. Merkel, Harry L. Hobson, Bruce W. Zuercher, Terrance J. Muth,* and *Lawrence D. Klenda,* all of Wichita, and *Paul R. Wunsch* and *Charles H. Stewart,* both of Kingman, were with him on the briefs for the appellants.

*J. Richards Hunter,* of Hutchinson, argued the cause, and *D. C. Martindell, W. D. P. Carey, Harry H. Dunn, Edwin B. Brabets, Robert C. Martindell, William B. Swearer, Elwin F. Cabbage* and *John W. Feist,* all of Hutchinson, were with him on the briefs for the appellees.

The opinion of the court was delivered by

JACKSON, J.: The plaintiffs-appellees filed the suit in the court below for the purpose of obtaining a decree holding a certain oil and gas lease upon a quarter section of land in Kingman county null and void and to have expired under the special terms of the lease. After pleadings had been filed, the parties entered into a written stipulation of facts upon which the court heard the case and decided in favor of the plaintiffs allowing them the relief prayed for in the petition.

We shall set forth the stipulation of facts upon which the case was tried.

STIPULATION OF FACTS

"In lieu of the submission of evidence the parties hereto agreed that the action should be determined upon pleadings filed herein and the following stipulation:

"This stipulation, entered into on behalf of Jeannette H. Endicott, Gilbert D. Endicott and Sarah Diane Endicott, plaintiffs, by Wm. F. Pielsticker, their attorney, and on behalf of Louis V. DeBarbieri, George E. Allen, Byron A. Cain, William J. Froelich, Walter P. Mahoney, Lee Poulsen, William J.

Froelich, Jr., and the unknown spouses and assigns of said persons, and the unknown heirs, executors, administrators, devisees, legatees, trustees and creditors or any of such persons as may be deceased, defendant, by Robert G. Braden, their attorney, as follows:

"1. Plaintiff Jeanette H. Endicott is the owner of a life estate, and plaintiffs Gilbert D. Endicott and Sarah Diane Endicott are the owners of the remainder interest in certain land described as (omitting description) except the Northwest 10 acres thereof, and attached as Exhibit 'A' to plaintiffs' petition now on file herein is a photostat copy of the original oil and gas lease covering such land, dated April 1, 1958, executed by Clara B. Hanscome, a widow, as lessor, to Louis V. DeBarbieri as lessee, and the plaintiffs acquired their title to the land as devisees under the last will and testament of Clara B. Hanscome, who died on November 24, 1958.

"2. The oil and gas lease contained provisions usual and customary in like leases, and further contained, in addition to other provisions, the following typewritten provisions, to-wit:

" 'It is also agreed that if no well be commenced on the above described lease on or before forty-five (45) days from the final determination of the case of Clara B. Hanscome, Appellee, vs. W. J. Coppinger et al, Appellants, No. 41,065 in the Supreme Court of the State of Kansas, this lease shall become null and void, otherwise in full force and effect.

" 'It is further agreed that in the event the first test well on the above described lands shall be completed as a commercial producer of oil, and gas, or either of them, then additional wells shall be drilled each six months in accordance with the spacing regulations promulgated by the Conservation Division of the Corporation Commission of the State of Kansas until the lease is fully developed, and unless Lessee commences. or causes to be commenced the drilling of additional wells for oil and gas purposes on said premises within six months from and after the completion of the first test well and continues to drill wells in accordance herewith this lease shall cease and end insofar as all of the acreage covered by this lease, with the exception as to a ten acre tract in a square form around each of such producing wells, and lessee agrees to forthwith release and surrender all of said leased premises, with the exception of said ten acre tract surrounding each well if the provisions of this paragraph be violated.'

"3. The defendants are successors in part to the interest originally acquired by Louis V. DeBarbieri, the original lessee named in the lease. Pursuant to the privileges granted in said lease, the defendants commenced a test well for oil and gas on the land described in the lease on December 16, 1958 in full compliance with the requirements to commence a well as provided in the first typewritten special provision set forth in the first subparagraph of paragraph 2 above, and completed the same as a producing gas well on December 30, 1958, and sold the first gas from such well during the month of April, 1959, all as plaintiffs allege in numbered paragraph 4 of the petition on file herein; and no test well for oil and gas has been commenced or drilled on the said lands within the six-month period after the completion of such well or at any other time. Plaintiffs made verbal demands upon the defendants for the drilling of such additional wells as were required by the written provisions of the oil and gas lease, and the defendants have wholly failed to re-

spond to such requests. A competent petroleum engineer, familiar with the particular area under development, if called upon as a witness in this case, and accepted by the Court as an expert witness, would testify as follows: That the above-described gas well drilled by the lessee, resulting in a gas well and continuously produced thereafter as a gas well, would constitute full development of the gas leasehold estate under standards of prudent leasehold operations.

"4. The Conservation Division of the Corporation Commission of the State of Kansas has never promulgated spacing regulations for oil or gas on the acreage described in the subject oil and gas lease.

"5. The excepted ten-acre tract in the northwest corner of this quarter section contains a producing gas well drilled prior to March 12, 1956, and was the subject of controversy in a case previously before the Supreme Court of Kansas styled *Hanscome vs. Coppinger*, 183 Kan. 623. The adjoining quarter section to the north, owned of record by M. M. Whitelaw, Jr., contains three oil wells, the No. 2 well situated in the northwest corner of said quarter section being completed as a producer from both the Lansing Kansas City Lime formation and the Viola Lime, both oil zones, none of said Whitelaw producers however, being on offset locations to the tract described in the basic oil and gas lease here under consideration."

As noted above, the defendants have appealed the judgment for plaintiffs entered by the district court based upon the above stipulation of facts.

In urging the alleged error of the trial court, defendants to a large extent contend that the rules of implied covenants should have been applied by the district court as was done in the case of *Fischer v. Magnolia Petroleum Co.*, 156 Kan. 367, 133 P. 2d 95. On the other hand, plaintiffs point out that the case at bar involved an expressed covenant and expressed contract of the parties and is controlled by the case of *Hanscome v. Coppinger*, 183 Kan. 623, 331 P. 2d 590, which was referred to in the provisions of the instant oil and gas lease and which involved the same lessor and much of the same land as the instant case.

We must say now that we have trouble following the reasoning of the defendants since we construe the contract between the parties as controlling the duty to drill additional wells.

Although the parties argue at length over the meaning of the special provisions attached to the lease herein, it would seem that the crux of the question must turn upon the interpretation of one phrase of the contract. In the second paragraph of the above-quoted stipulations which were attached to the lease, we find the following:

"It is further agreed that in the event the first test well on the above described lands shall be completed as a commercial producer of oil, and gas, or

either of them, then additional wells shall be drilled each six months *in accordance with the spacing regulations promulgated by the Conservation Division of the Corporation Commission of the State of Kansas until the lease is fully developed . . ."* (Italics supplied.)

The argument of the defendants is that the phrase "until the lease is fully developed" has nothing to do with the spacing of wells and regulations of the Corporation Commission, but may be taken to mean simply what it would mean under an implied covenant to drill.

We certainly cannot agree with such an argument; the provision of the contract is perfectly clear and gives the lessee one way in which to avoid the duty of drilling more wells. If defendants apply to the Corporation Commission and that body takes jurisdiction and it can then be shown that the lease has been fully developed under the orders of the commission, then defendants will have satisfied the contract.

All defendants offer in this regard is an agreement that the commission has never promulgated spacing regulations for the acreage concerned in this case. It is up to the defendants, as we understand the contract, to see that something is done in that regard if they wish to show full development under the regulations. Otherwise they have agreed to drill a new well each six months. This court is not in the habit of writing new contracts for the parties, if the contract entered into is clear and concise. (*Hanscome v. Coppinger,* supra.)

All other matters in the briefs have been fully considered, but we find no reason to extend this opinion. The order of the district court holding the within lease void except as to the ten acres around the gas well involved herein is affirmed. It is hereby so ordered.