NOT DESIGNATED FOR PUBLICATION

No. 114,706

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY CHAMBERLAIN DIEHL, Executor
of the Estate of BARBARA A. MOUCHAGUE,
*Appellee*,

v.

PATRICIA and LEONARD KOWALSKI,
*Appellants*.


MEMORANDUM OPINION


Appeal from Johnson District Court; MICHAEL P. JOYCE, judge. Opinion filed November 10, 2016. Reversed and vacated.


*Mark D. Lewis*, of Gardner, for appellants.


*Michelle M. Burge*, of Kirkland Woods & Martinsen PC, of Overland Park, for appellee.


Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.


*Per Curiam*:  This appeal challenges an award of attorney fees in a civil case. Because we find no contractual or statutory authority for the award of attorney fees, we vacate the fee award.


*Factual and procedural background*


The facts are well known to the parties and will not be set forth in detail. Highly summarized, the parties were litigants in one probate case and three civil cases. The same

1

judge presided over all four cases. After the parties tried the civil cases together, Diehl prevailed on her fiduciary duty case and her residence case, then filed a petition for fees in all four cases. The probate case, 13PR336, remains open, but the district court deferred its determination of fees in that case until the Estate of Barbara Mouchague is ready to be settled and closed. This appeal is limited to the attorney fees awarded in the residence case, 14CV430.

In the residence case, Terry Chamberlain Diehl, as executrix of the Estate of Barbara Mouchague, filed a two-count complaint. Count 1 alleged a breach of contract by Patricia and Leonard Kowalski, the primary beneficiaries under the decedent's trust. Count II sought to quiet title on a residence built by Mouchague. Both counts sought to return the residence to the estate. Diehl did not prevail on the breach of contract claim, which was based on a "Real Estate Co-ownership and Occupancy Agreement." But Diehl did prevail on the quiet title action and, as a matter of equity, the trial court rescinded the conveyance under the Agreement and reformed the deed.

In the residence case, the district court ordered the Kowalskis to pay over $60,000 in attorney fees and expenses incurred by Diehl. The Kowalskis timely appealed this judgment, challenging the court's authority to award fees against them and the reasonableness of the fees and expenses awarded.

*Standard of Review*

Whether a district court has the authority to award attorney fees is a question of law over which an appellate court has unlimited review. *Unruh v. Purina Mills*, 289 Kan. 1185, 1200, 221 P.3d 1130 (2009). The party requesting attorney fees and costs bears the burden of establishing entitlement to such an award. See *Estate of Bingham v. Nationwide Life Ins. Co.*, 7 Kan. App. 2d 72, 80, 638 P.2d 352 (1981), *aff'd as modified* 231 Kan. 389, 646 P.2d 1048 (1982).

2

The appellate court exercises unlimited review over the interpretation and legal effect of written instruments and is not bound by the lower court's interpretation of those instruments. *Prairie Land Elec. Co-op v. Kansas Elec. Power Co-op*, 299 Kan. 360, 366, 323 P.3d 1270 (2014). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Born v. Born*, 304 Kan. 542, Syl. ¶ 2, 374 P.3d 624 (2016).

*Does a contract authorize the trial court's fee award against the defendants?*

Kansas follows the "American Rule" in determining whether a litigant is entitled to recover attorney fees. *Robinson v. City of Wichita Employees Retire. Bd. of Trustees*, 291 Kan. 266, 279, 241 P.3d 15 (2010). This rule provides that, unless authorized by statute or specified by contract, litigants are responsible for their own attorney fees. 291 Kan. at 279.

The sole contract which arguably authorized a fee award in this case is the Real Estate Co-ownership and Occupancy Agreement between Mouchague and the Kowalskis. That contract authorized attorney fees solely under a mandatory arbitration clause that provided:

> "Any dispute concerning Subject Property or this Agreement shall be submitted to binding arbitration before the American Arbitration Association. The prevailing party, if any, *in such arbitration* shall be entitled to recover reasonable attorney fees and costs." (Emphasis added.)

The trial court relied on this clause as its basis for assessing fees against the Kowalskis in this case, stating:

> "For case number 14CV4300, paragraph 17 of the Real Estate Co-Ownership and Occupancy Agreement . . . provides that the prevailing party *in any dispute* concerning

3

the real property at issue shall be entitled to recover reasonable attorney fees and costs."
(Emphasis added.)

In so doing, the trial court misquoted the contract's provision and erred as a matter of law. The Occupancy Agreement explicitly provided for attorney fees solely in arbitration proceedings. Where, as here, the language of a contract is clear and unambiguous, the parties to a lawful contract are entitled to have it enforced as written. See *Endicott v. DeBarbieri*, 189 Kan. 301, Syl. ¶ 2, 369 P.2d 241 (1962). We cannot impart a meaning different from what the parties intended as expressed by the language they chose to use. *Fourth Nat'l. Bank & Trust Co. v. Mobil Oil Corp*., 224 Kan. 347, 353, 582 P.2d 236 (1978). Thus the Occupancy Agreement cannot be the basis for an award of fees in this civil litigation.

*Does a statute authorize the district court's fee award against the defendants?*

Because the parties point to no other contractual basis for the award of fees, Diehl bears the burden to identify a statutory basis for the award of attorney fees. See *Farm Bur. Mut. Ins. Co. v. Kurtenbach*, 265 Kan. 465, 479-80, 961 P.2d 53 (1998) (American Rule applies in absence of contract or statute); *Bingham*, 7 Kan. App. 2d at 80 (burden is on the party seeking fees to establish a right to fees).

Diehl argues that the district court was right for the wrong reason because K.S.A. 59-1717 supports the award of attorney fees, citing *In re Estate of Murdock*, 213 Kan. 837, 519 P.2d 108 (1974). However, *Murdock* does not authorize a court to assess attorney fees against an individual defendant, but only to charge the fees and expenses "as costs against a decedent's estate being administered in that court." 213 Kan. at 853-54, citing K.S.A. 59-1717. In *In re Estate of Robinson*, the Kansas Supreme Court directed that K.S.A. 59-1717 should be construed such that

> "'the fiduciary may safely procure the aid of legal advisers, and *thus bind the estate* for the payment of what may be found reasonable. The law contemplates that the representative *will himself [pay] the value of such services*, and be reimbursed by receiving credit for the amount paid in settlement of his account. [Citations omitted.]'" 236 Kan. 431, 436, 690 P.2d 1383 (1984) (Emphasis added).

Nothing in *Murdock* or *Robinson* suggests that a trial court can assess fees against an individual party. K.S.A. 59-1717 is not a fee-shifting statute but instead allows a fiduciary to be reimbursed from the estate for attorney fees and expenses incurred in the execution of the trust. See *Murdock*, 213 Kan. at 853-54; *Robinson*, 236 Kan. at 436. And the fee award in this civil case is not a fee award in the estate proceedings—the district court expressly deferred ruling on those fees until the estate was closed.

*Does an exception to the American Rule authorize the district court's fee award?*

Diehl also contends that an exception to the American Rule permits the court to award attorney fees to an executor who prevails in a quiet title action brought pursuant to K.S.A. 60-1002, as she did. Although Diehl concedes that this statute itself does not provide for attorney fees, she contends that caselaw creates a tacit exception to the American Rule for certain equitable actions, citing *Reese v. Brame*, No. 67,131, unpublished opinion filed April 10, 1992 (Kan. App.). Diehl filed a Rule 6.09(b) (2015 Kan. Ct. R. Annot. 53) letter after oral arguments, providing us a copy of this unpublished case.

In *Reese*, the Court of Appeals agreed that attorney fees as damages are available in at least some quiet title actions. The panel relied on a 1916 Kansas Supreme Court case which had found a plaintiff entitled to recover attorney fees incurred in removing the cloud on her title which arose from a fraudulent transaction. *Campbell v. Cubbon*, 98 Kan. 642, 643-44, 158 P. 1121 (1916). Cubbon had fraudulently acquired a deed that clouded the plaintiff's title. *Reese* held:

"In *Cubbon*, the Supreme Court has apparently made an exception to the general rule regarding a bar to attorney fees as damages without statutory authority when quiet title actions involving wrongdoing by those clouding the title are involved. We are con[s]trained to follow the rule in *Cubbon*." *Reese v. Brame*, No. 67,131, at *7-8.

*Reese* found wrongdoing based on the defendant title company's typographical error and its unreasonable delay in correcting that error, and awarded attorney fees.

We are not persuaded that *Reese*'s holding is correct, and we decline to follow it. First, as *Reese* noted, the Supreme Court after *Cubbon* refused to award attorney fees in another case that originally arose under equity jurisdiction. In *Nicholson v. Fawley*, 112 Kan. 124, 210 P. 482 (1922), the Supreme Court refused to award attorney fees because no statute authorized such fees in a lawsuit for specific performance, a cause of action traditionally found in the equity courts. It found: "[I]n the absence of a statute, a judgment for the plaintiff cannot include his attorney's fee for services in the action in which it is obtained, even where fraud is the basis of the recovery." 112 Kan. at 126.

Second, the Kansas Supreme Court has recently and repeatedly held: "A court may not award attorney fees absent statutory authority or an agreement by the parties. Without such authority, a trial court's equitable powers do not extend to the awarding of attorney fees. *Idbeis*, 285 Kan. at 495." *Unruh*, 289 Kan. at 1200. See *e.g.*, *In re Estate of Strader*, 301 Kan. 50, 61, 339 P.3d 769 (2014); *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 162, 298 P.3d 1120 (2013). The rule states no general exception for cases that originally arose in equity and no specific exception for quiet title actions brought by executors against wrongdoers who cloud a title.

Third, we find it likely that a statute, although not expressly referred to in *Cubbon*, provided the basis for its award of attorney fees. Equity may, of course, play a part in the award of attorney fees authorized by statute. For example, K.S.A. 60-2007(b) (Furse

6

1994), repealed in 1997, provided for the assessment of costs and fees that "if the court finds that a party . . . has asserted a claim or defense . . . without a reasonable basis in fact and not in good faith." K.S.A. 59-2214 provides for the taxation of the costs in all probate proceedings against the estate "unless it appears that it would be unjust and inequitable to do so, in which event the court shall tax such costs or any part thereof against such party as it appears to the court is just and equitable." Because of *Cubbon*'s references to wrongdoing, we find it more likely that *Cubbon* relied on such a statute than that *Cubbon* carved out an unstated and thereafter unused exception to the American Rule.

Diehl has shown neither a contractual nor a statutory basis for the fee award against the Kowalskis in civil case 14CV4300, thus the parties are responsible for their own attorney fees. Accordingly, we vacate the award.

Reversed and vacated.